IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-311 (CFC) |
| | ) |
| MOTIF FOODWORKS, INC., | ) |
| | ) |
| Defendant. | ) |

**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND COUNTERCLAIMS**

Defendant Motif Foodworks, Inc. ("Motif") submits this Answer and Counterclaims to Plaintiff Impossible Foods, Inc.'s ("Impossible") Complaint for Patent Infringement ("Complaint"), and states as follows:

**RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT**

**THE PARTIES**

1. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and, on that basis, denies them.

2. Motif admits that it is a Delaware corporation with its principal place of business in Boston, Massachusetts. Motif denies the remaining allegations in Paragraph 1 of the Complaint to the extent they do not fully or accurately represent Motif's advertisements or business operations.

3.      Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint and, on that basis, denies them.

4.      Motif denies that it has sought to improperly compete with Impossible Foods.

5.      Motif admits that the Complaint purports to seek damages and other relief.  Motif denies the remaining allegations of Paragraph 5 of the Complaint, and specifically denies it has committed acts of infringement.

## NATURE OF THE ACTION

6.      Motif admits that the Complaint purports to allege patent infringement, but specifically denies it has committed acts of infringement.

7.      Motif denies the allegations contained in Paragraph 7 of the Complaint.

8.      Motif admits that the Complaint purports to seek damages and injunctive relief.  Motif denies the remaining allegations of Paragraph 8 of the Complaint, and specifically denies it has committed acts of infringement.

## JURISDICTION AND VENUE

9.      Motif admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and that this action purports to arise under the Patent Act, 35 U.S.C. § 1 *et seq*.

10.     Motif admits Paragraph 10 of the Complaint.

11. Motif admits Paragraph 11 of the Complaint.

## BACKGROUND

12. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint and, on that basis, denies them.

13. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14. Motif admits that heme is part of a hemoprotein molecule called soy leghemoglobin, or LegH, and that LegH is found in the root nodules of soy plants. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 of the Complaint and, on that basis, denies them.

15. Motif admits that LegH can be produced by growing soy plants, harvesting the root nodules and isolating the hemoprotein. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and, on that basis, denies them.

16. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and, on that basis, denies them.

17. Motif states that Paragraph 17 of the Complaint is vague and ambiguous regarding what alleged patents and elements Impossible Foods is referring to. As a result, Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint and, on that basis, denies them.

18. Motif admits that the '761 Patent is titled "Methods and Compositions for Consumables," and that the '761 Patent indicates that it was issued by the USPTO on December 15, 2020. Except as expressly admitted, Motif denies the remaining allegations of Paragraph 18 of the Complaint.

**DEFENDANT'S ALLEGED PRODUCT DEVELOPMENT**.

19. Motif admits that it was launched as a spinout from Ginkgo Bioworks in 2019. Motif admits that Ginkgo Bioworks is one of many investors in Motif. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint allegedly quotes Motif with no citation for the source material. To the extent the allegations in Paragraph 20 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent

the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 20 of the Complaint.

21. To the extent the allegations in Paragraph 21 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 21 of the Complaint.

22. To the extent the allegations in Paragraph 22 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 22 of the Complaint.

23. To the extent the allegations in Paragraph 23 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 23 of the Complaint.

24. Motif admits that it makes meat alternatives that include the ingredient HEMAMI. To the extent the allegations in Paragraph 24 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 24 of the Complaint.

25. Motif admits that HEMAMI contains heme. To the extent the allegations in Paragraph 25 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 25 of the Complaint.

26. Motif admits that it made an April 2021 submission to the FDA. Motif asserts that its FDA submission is the best source of its full content and context. Motif denies the allegations of Paragraph 26 to the extent they do not accurately represent the FDA submission's full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 26 of the Complaint.

27. Motif admits that HEMAMI contains bovine myoglobin and that the GRAS notification covers HEMAMI.

**DEFENDANT'S ALLEGED INFRINGING PRODUCTS AND ACTIVITIES**

28. Motif admits that it has developed its own products, including a plant-based burger, and has sampled them at trade shows. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 28 of the Complaint and specifically denies it has committed acts of infringement.

29. Motif admits Paragraph 29 of the Complaint.

30. Motif admits that it has developed its own products, including a plant-based burger containing HEMAMI, and that it provided the plant-based Burger to consumers at Coolgreens. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 30 of the Complaint and specifically denies it has committed acts of infringement.

31. Motif denies the allegations contained in Paragraph 31 of the Complaint.

32. Motif admits that it launched HEMAMI and that it can be used in foods including plant-based foods. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 32 of the Complaint and specifically denies it has committed acts of infringement.

33. Motif admits it is constructing a new research and development center along with a pilot-scale production facility for HEMAMI and other products in Massachusetts. Motif admits that the facility will feature three pilot plants for fermentation, ingredient, and finished-product production, and that the food technologies and finished products created at the site will be used for consumer testing and customer sampling, as well as validating process techniques. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 33 of the Complaint and specifically denies it has committed acts of infringement.

34. Motif admits it utilized Solar Biotech's development and fermentation capabilities for pilot-scale production of HEMAMI. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 34 of the Complaint and specifically denies it has committed acts of infringement.

35. Motif denies the allegations contained in Paragraph 35 of the Complaint.

36. Motif denies the allegations contained in Paragraph 36 of the Complaint.

37. To the extent the allegations in Paragraph 37 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents'

or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 37 of the Complaint.

38. To the extent the allegations in Paragraph 38 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 38 of the Complaint.

39. To the extent the allegations in Paragraph 39 of the Complaint purport to describe or quote one or more documents or webpages, Motif asserts that those documents or webpages are the best source of their full content and context. Motif denies the allegations to the extent they do not accurately represent the documents' or webpages' full content and context. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 39 of the Complaint.

## **COUNT I. INFRINGEMENT OF THE '761 PATENT**

40. Motif incorporates by reference each of its responses set forth above as if fully set forth herein.

41. Motif lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint and, on that basis, denies them.

42. To the extent the allegations in Paragraph 42 of the Complaint purport to describe or quote one or more claims of the '761 Patent, Motif asserts that '761 Patent is the best source of its full content and context. Motif denies the allegations to the extent they do not accurately represent the full content and context of the '761 Patent. Except as expressly admitted, Motif denies the remaining allegations in Paragraph 42 of the Complaint.

43. Motif denies the allegations contained in Paragraph 43 of the Complaint.

44. Motif denies the allegations contained in Paragraph 44 of the Complaint.

45. Motif denies the allegations contained in Paragraph 45 of the Complaint.

46. Motif denies the allegations contained in Paragraph 46 of the Complaint.

47. Motif denies the allegations contained in Paragraph 47 of the Complaint.

48. Motif denies the allegations contained in Paragraph 48 of the Complaint.

49. Motif denies the allegations contained in Paragraph 49 of the Complaint.

50. Motif denies the allegations contained in Paragraph 50 of the Complaint.

51. Motif denies the allegations contained in Paragraph 51 of the Complaint.

52. Motif denies the allegations contained in Paragraph 52 of the Complaint.

53. Motif denies the allegations contained in Paragraph 53 of the Complaint.

54. Motif denies the allegations contained in Paragraph 54 of the Complaint.

## DEFENDANT'S PRAYER FOR RELIEF

Motif respectfully requests that the Court enter judgment in its favor and against Impossible Foods, that Impossible Foods take nothing thereby, and that the Court grant Motif such other and further relief as the Court deems just and proper.

## DEFENSES TO COMPLAINT

Subject to the responses above, Motif alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below,

subject to its responses above, Motif specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery:

## FIRST DEFENSE – NON-INFRINGEMENT

Motif does not infringe and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of, any valid and enforceable claim of the '761 Patent, including under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

The claims of the '761 Patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter and do not contain an inventive concept.  The claims of the '761 Patent are also invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.  The claims of the '761 Patent are also invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.  The claims of the '761 Patent are also invalid and unenforceable for obviousness-type double patenting.  And the claims of the '761 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

## THIRD DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE – EQUITABLE DEFENSES

Plaintiff is barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses.

## FIFTH DEFENSE – LIMITATION ON DAMAGES

Plaintiff's right to seek damages is limited, including without limitation by 35 U.SC. §§ 287, and/or 288.

## SIXTH DEFENSE – NO INJUNCTIVE RELIEF

Plaintiff's remedies at law are adequate, and its alleged injury is not immediate or irreparable. As such, equitable relief would be inappropriate for any determined infringement of the patents asserted in the Complaint.

## SEVENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel based on statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the patent asserted in the Complaint.

## RESERVATION OF RIGHTS

Motif hereby reserves the right to amend its Answer and reserves any and all additional defenses available to it under Title 35, U.S.C., or the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure including any defenses set out in Rule 8(c), the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered or become applicable throughout discovery or otherwise in the course of litigation.

## COUNTERCLAIMS

Defendant and Counterclaimant Motif hereby alleges the following counterclaims against Plaintiff Impossible Foods:

## THE PARTIES

1. Upon information and belief, Plaintiff Impossible Foods is a Delaware corporation with its principal place of business at 400 Saginaw Drive, Redwood City, California.

2. Motif is a Delaware corporation with a principal place of business at 27 Drydock Avenue, Boston, Massachusetts.

## JURISDICTION AND VENUE

3. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Impossible Foods seeks relief under the Declaratory Judgment Act. This

Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. The Court has personal jurisdiction and venue over Impossible Foods because it consented to personal jurisdiction and venue by filing the Complaint in this action.

## COUNT I:

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,863,761

5. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

6. Motif is not infringing, has not infringed, and is not liable for any infringement of any valid and enforceable claim of the '761 Patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner. Impossible Foods is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Motif's affirmative defenses.

7. Absent a declaration of non-infringement of the '761 Patent, Impossible Foods will continue to assert claims against Motif and will, in this way, continue to cause damage to Motif's business and reputation.

8. To resolve the issues raised by Impossible Foods and to afford relief from uncertainty and controversy that Impossible Foods' allegations have created, Motif is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '761 Patent.

9. Accordingly, Motif seeks a declaration that the claims of the '761 Patent are not infringed.

## COUNT II:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,863,761

10. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

11. One or more of the claims of the '761 Patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

12. The claims of the '761 Patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

13. The claims of the '761 Patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

14. The claims of the '761 Patent contain obviousness-type double patenting.

15. The claims of the '761 Patent fail to include an adequate written description, lack enablement, and/or are indefinite.

16. To resolve the issues raised by Impossible Foods and to afford relief from uncertainty and controversy that Impossible Foods' allegations have created, Motif is entitled to declaratory judgment that the claims of the '761 Patent are not valid and enforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Motif respectfully requests that this Court enter judgment in its favor and against Impossible Foods as follows:

A. Dismissing the Complaint in its entirety and with prejudice;

B. Denying all relief that Impossible Foods seeks in its Complaint;

C. Declaring that Motif has not infringed, and is not infringing, the '761 Patent asserted in the Complaint;

D. Declaring that the claims of '761 Patent asserted in the Complaint are invalid, unpatentable and/or unenforceable against Motif;

E. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Motif all reasonable costs, experts' fees, and attorneys' fees; and

F. Awarding any other relief that the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Counterclaimant Motif hereby demands a trial by jury on all issues so triable raised by Impossible Foods' Complaint or by Motif's Answer and Counterclaims.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

CO COUNSEL:

Joseph M. Paunovich
Ryan Landes
Sandra L. Haberny
Sarah Cork
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000

April 29, 2022

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Sarah E. Simonetti (#6698)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@morrisnichols.com
ssimonetti@morrisnichols.com

*Attorneys for Defendant Motif FoodWorks, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 29, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Ian R. Liston, Esquire<br>Jennifer A. Ward, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>222 Delaware Avenue, Suite 800<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff Impossible Foods Inc.* | *VIA ELECTRONIC MAIL* |
| Matthew R. Reed, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Plaintiff Impossible Foods Inc.* | *VIA ELECTRONIC MAIL* |
| Wendy L. Devine, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA  94105<br>*Attorneys for Plaintiff Impossible Foods Inc.* | *VIA ELECTRONIC MAIL* |
| Lori P. Westin, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>12235 El Camino Real<br>San Diego, CA  92130<br>*Attorneys for Plaintiff Impossible Foods Inc.* | *VIA ELECTRONIC MAIL* |

G. Edward Powell III, Esquire                               *VIA ELECTRONIC MAIL*
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC  20006
*Attorneys for Plaintiff Impossible Foods Inc.*

                                                  */s/ Jeremy A. Tigan*

                                                  Jeremy A. Tigan (#5239)