# EXHIBIT B



Chad M. Shandler
302-651-7836
Shandler@rlf.com

September 5, 2019

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Leonard P. Stark, Chief Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Arch Chemicals, Inc. v. The Sherwin-Williams Company, et al.*,
             C.A. No. 18-2037-LPS (D. Del.)

Dear Chief Judge Stark:

      On behalf of Plaintiff Arch Chemicals, Inc. ("Arch"), we write to oppose The Sherwin-Williams Company's ("Sherwin-Williams") motion to stay this proceeding pending resolution of two Petitions for *Inter Partes* Review ("IPR"), D.I. 33-34. Arch respectfully requests that the Court deny Sherwin-Williams' motion because the IPR has not yet been instituted, and even if ultimately instituted by the PTAB next year, such proceedings will not adequately streamline the scope of this litigation. Additionally, the Court has denied stays in cases far less developed than this one. Further, Arch will be unduly prejudiced by a stay, and Sherwin-Williams has not demonstrated its own hardship.

      Courts have discretionary authority to grant or deny a stay pending resolution of an IPR proceeding. *E.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts typically consider three factors when deciding a motion to stay:

> (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016) (citation omitted). Notably, in determining how to exercise this discretion, the District of Delaware has observed that when "[a] balancing of the stay factors does not favor either side," (*i.e.*, one factor favoring the movant, one factor favoring the non-movant, and one neutral), where the movant has not demonstrated that the equities tilt in its favor, the court will deny the motion to stay. *Id.* at 353; *see also Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. 08-63-SLR, 2010 WL 3522327, at *4 (D. Del. Sept. 2, 2010) ("Upon balance, the factors mentioned *supra* do not favor either party. In such a case, the court is not inclined to grant a stay."); *cf. Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *5 (D.

RLF1 21966278v.1

The Honorable Leonard P. Stark
September 5, 2019
Page 2

Del. Apr. 9, 2015) (noting that two factors weighed "slightly in favor" of granting a stay, one factor weighed "slightly against a stay," but "[h]ad Plaintiff made a stronger showing that the parties are direct competitors, the Court's overall conclusion here may have differed").

## I.    A Stay Will Not Simplify the Issues Sufficiently for Trial.

The District of Delaware generally considers the simplification factor to weigh against a stay where, as here, the PTAB has not yet decided whether to institute IPR proceedings. *Invensas Corp v. Samsung Elecs. Co.*, No. 17-1363-MN-SRF, 2018 WL 4762957, at *3 (D. Del. Oct. 2, 2018). As the Court has explained, "[g]enerally, 'the "simplification" issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review.'" *Pragmatus Mobile, LLC v. Amazon.com, Inc.*, No. 14-436-LPS, 2015 WL 3799433, at *1 (D. Del. June 17, 2015) (citing *Freeny v. Apple Inc.*, No. 2:13-361-WCB, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014)); *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, No. 15-516-LPS-CJB, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016). "Unless and until the PTAB institutes IPR . . . proceedings based on the petitions, *any expected simplification rests on speculation* that such institution will occur." *Universal Secure Registry, LLC v. Apple Inc.,* No. 17-585-CFC-SRF, 2018 WL 4486379, at *2 (D. Del. Sept. 19, 2018) (emphasis added).

Here, Sherwin-Williams filed its Petitions for IPR less than one month ago. D.I. 34-1 at Exs. A-B. The PTAB has not yet decided whether it will institute an IPR, and will not make any such determination for another six months. 37 C.F.R. § 42.107(b); 35 U.S.C. § 314(b). Any assertion that Sherwin-Williams makes about issue simplification amounts to nothing more than mere speculation at this stage, and does not tip the simplification factor in its favor. *See Universal Secure Registry*, 2018 WL 4486379, at *2. Moreover, Sherman-Williams' attempt to bolster its argument that the PTAB is likely to institute an IPR here based on historical statistics, *see* D.I. 34 at 2, does not alter the speculative nature of its arguments on the simplification factor.[1] In fact, this Court has explained that "[i]n evaluating comparable statistical data , . . . [t]he more that the statistical likelihood of the PTAB instituting review on any petition seems less like 'near certainty' and more like 'fair probability,' the less reasonable it seems to stop a district court proceeding after it has started . . . ." *Invensa*, 2018 WL 4762957, at *5; *see also Advanced Microscopy*, 2016 WL 558615, at *2.

---

[1] The statistics Sherwin-Williams references also do not address how the PTAB will decide the petitions before it on the patent-in-suit. *See* Ex. A (Lex Machina Statistics). Since January 1, 2016, for chemical patents, petitioners have been successful in invalidating or amending all of the claims or forcing the patent owner to disclaim the patent 13% of the time. *Id.* Roughly 4% of the time, some of the challenged claims were amended. *Id.* Conversely, IPR proceedings have been favorable for the patent owner 46% of the time (a success rate nearly quadruple that of petitioners) due to the PTAB's denial of institution, upholding all the claims, or procedurally dismissing the matter. *Id.*

The Honorable Leonard P. Stark
September 5, 2019
Page 3

Even if the PTAB ultimately determines that it will institute an IPR on the patent-in-suit six months from now, *Toshiba*, 193 F. Supp. 3d at 348-50, emphasizes the importance of the differences in the nature of the challenges made as part of the IPR, as compared to those at issue in the underlying litigation. Sherwin-Williams premises its IPR Petitions on obviousness and anticipation arguments. *See* D.I. 34-1 at Ex. A at 16-17; *id.* at Ex. B at 17. Yet the infringement issues and Sherwin-Williams' affirmative defenses that are not based on the prior art exceed the scope of the issues that the PTAB may ultimately examine, and do not weigh in favor of a stay. *See Toshiba*, 193 F. Supp. 3d at 349 (citing *Princeton Digital Image Corp v. Konami Digital Entm't Inc.*, No. 12-1461-LPS-CJB, 2104 WL 3819458, at *3 (D. Del. Jan. 15, 2014); *cf. Belden Techs.*, 2010 WL 3522327, at *2 ("[A] stay is not favored when infringement, validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried.").

Moreover, the *Toshiba* court noted that "[u]nlike in some cases, here the PTAB will not be addressing a large number of pieces of prior art, nor will it be opining on whether a large number of asserted prior art combinations render the claims invalid." *Toshiba*, 193 F. Supp. 3d at 349 (discussing an IPR petition that included ten pieces of art). In its Petitions for IPR, Sherwin-Williams references three pieces of prior art—a UK patent application, a library handbook, and a U.S. patent. Sherwin-Williams infringes on Arch's patents, down to the dependent claims. Even if the PTAB institutes an IPR proceeding and Sherwin-Williams prevails in rendering unpatentable a handful of claims with its few references, the Court still will have several substantive decisions to make as to infringement of the remaining claims and Sherwin-Williams' affirmative defenses.

Accordingly, Sherwin-Williams has not met its burden to show that granting a stay would simplify the issues for trial.

## II. The Status of the Litigation Disfavors a Stay.

Arch instituted this action in December 2018, D.I. 1, but Sherwin-Williams has been on notice of infringement since at least September 18, 2017. *See id.* at ¶ 35. Since filing the case, the parties have engaged in settlement negotiations, the Court has entered a Scheduling Order (D.I. 20) and Protective Order (D.I. 29), the parties have served initial disclosures, Arch has served its initial identification of asserted products and claims and initial infringement chart, and Sherwin-Williams has produced core technical documents. *See* D.I. 20. Sherwin-Williams will produce its initial invalidity contentions and prior art references in September 2019, *id.* at ¶ 7(d), and claim construction issue identification will begin on October 30, 2019, *id.* at ¶ 13.

While Sherwin-Williams argues that "Arch has maintained this case at a nascent stage since it was filed[,]" D.I. 34 at 3, the District of Delaware has denied motions to stay in cases at similar and earlier stages, as compared to this case. *See, e.g.*, *Advanced Microscopy*, 2016 WL 558615, at *1 (denying motion to stay where initial patent disclosures were months away from completion and the docket did not indicate that a significant amount of discovery had occurred); *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, No. 15-286-LPS-CJB, 2015 WL 3918866, at

The Honorable Leonard P. Stark
September 5, 2019
Page 4

*1-3 (D. Del. June 23, 2015) (denying motion to stay before the decision to institute IPR, as well as before discovery or claim construction had begun)[2].

Accordingly, Sherwin-Williams has not met its burden to show that the status of the litigation favors granting a stay.

### III. Arch Chemicals Will Suffer Undue Prejudice and Sherwin-Williams Has Not Demonstrated a Clear Case of Hardship.

Critical to the assessment of whether to issue a stay is the possibility of damage or prejudice to the non-moving party. *See ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054-GMS-MPT, 2012 WL 5599338, at *3 (D. Del. Nov. 15, 2012). Additionally, "[i]t is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR/SRF, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (citations omitted). Sherwin-Williams fails to address a "clear case of hardship or inequity," *id.*, if the Court denies the motion for a stay as part of its analysis of this factor. Instead, Sherwin-Williams focuses on the alleged "lack of prejudice" to Arch. D.I. 34 at 3. Nevertheless, the outcome on this factor still favors Arch.

Sherwin-Williams took advantage of Arch's approach to negotiating a settlement. After filing its Complaint, Arch agreed to stipulate to extending deadlines for Sherwin-Williams in good faith. *See* D.I. 14; D.I. 16. In doing so, Arch hoped to settle amicably. It was, in fact, Sherwin-Williams who slowed down negotiation talks, seeking extensions of time, and avoiding meaningful discussion with Arch. This ultimately forced Arch to walk away from negotiations and pursue litigation instead. Sherwin-Williams now tries to use Arch's courtesy as a basis to argue that delay is not prejudicial. *See* D.I. 34 at 3.

By intentionally slowing down the settlement discussions, Sherwin-Williams filed its IPR Petitions near the end of the one-year statutory bar. This Court has found that in some instances, "[f]ilings for IPR made well after the initiation of litigation, . . . may suggest an unfair tactical advantage or dilatory motive." *TruePosition, Inc., v. Polaris Wireless, Inc.*, No. 12-646-RGA/MPT, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013). In *TruePosition, id.*, the court

---

[2] Notably, in *NuVasive,* 2015 WL 3918866, at *2, the court interpreted the Revised Procedures for Managing Patent Cases (June 18, 2014) as "expressing the District Court's preference that, in the main, cases filed by a plaintiff should move forward—even in the face of early-filed motions that have yet to be fully resolved." In denying a motion to stay pending an IPR, the *NuVasive* court explained, "this procedure counsels that while waiting for a PTO decision that will impact the merits of the motion to stay, a Scheduling Order should be entered and the case should move forward." *Id.* Here, the Court has already entered a Scheduling Order. Therefore, the Court should deny the motion for a stay and allow the case to continue as planned.

The Honorable Leonard P. Stark
September 5, 2019
Page 5

elaborated that "[a]lthough defendant's request was filed within the statutory window, this does not render its request for a stay immune from denial."

Sherwin-Williams also attempts to fault Arch for the parties' efforts to settle this case instead of immediately proceeding with a Rule 26(f) conference. D.I. 34 at 3. This, too, does not weigh in favor of a stay. *Davol, Inc. v. Atrium Med. Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *4 (D. Del. June 17, 2013) (rejecting an argument that plaintiff's "willingness to license its patented technology or otherwise settle this dispute suggests a reduced concern about the parties' competitive relationship"). But to the extent the early settlement negotiations have any bearing on the factors to be weighed on a motion to stay, the protracted negotiations have placed Arch at a tactical disadvantage by, among other things, providing Sherwin-Williams with more time to design-around the '842 patent, and a stay would only lengthen this time period.

Finally, Sherwin-Williams argues that because Arch did not seek a preliminary injunction, this favors grant of the motion to stay. D.I. 34 at 3. This argument is unavailing. As the court has recognized,

> the failure to seek a preliminary injunction could well be related to other factors (such as the high burden one must face to obtain a preliminary injunction and the difficulty in doing so without first having access to substantial discovery) and thus might not shed much light on the amount of prejudice the non-moving party will face from a stay.

*SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS, 2013 WL 144255, at *8 (D. Del. Jan. 11, 2013).

Accordingly, Sherwin-Williams has not addressed a clear case of hardship or inequity should the Court deny the motion for a stay, and the factor does not favor a stay.

**IV.    Conclusion**

For at least the foregoing reasons, Arch respectfully requests that the Court deny Sherwin-Williams' motion to stay this case pending resolution of the IPR proceedings.

Respectfully,

*/s/ Chad M. Shandler*

Chad M. Shandler (#3796)

Attachment
cc:  All Counsel of Record (via CM/ECF)