IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMPOSSIBLE FOODS INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTIF FOODWORKS, INC., <br><br> Defendant. | C.A. No. 22-311 (CFC) |

## ANSWER TO COUNTERCLAIMS

Plaintiff and Counter-Defendant Impossible Foods Inc. ("Impossible Foods"), by and through its counsel, hereby answers Defendant and Counterclaimant Motif Foodworks, Inc.'s ("Motif") Counterclaims. Impossible Foods denies each and every allegation contained in Motif's Counterclaims that is not expressly admitted below.

## THE PARTIES

1. Upon information and belief, Plaintiff Impossible Foods is a Delaware corporation with its principal place of business at 400 Saginaw Drive, Redwood City, California.

**ANSWER:** Admitted.

2. Motif is a Delaware corporation with a principal place of business at 27 Drydock Avenue, Boston, Massachusetts.

**ANSWER:** Upon information and belief, Impossible Foods admits that Motif is a Delaware corporation with a principal place of business at 27 Drydock Avenue, Boston, Massachusetts.

## JURISDICTION AND VENUE

3.    This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Impossible Foods seeks relief under the Declaratory Judgment Act.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER:** Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, Impossible Foods admits that this Court has subject matter jurisdiction over Motif's Counterclaims.  To the extent not expressly admitted herein, Impossible Foods denies the remaining allegations of paragraph 3.

4.    The Court has personal jurisdiction and venue over Impossible Foods because it consented to personal jurisdiction and venue by filing the Complaint in this action.

**ANSWER:** Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Impossible Foods does not contest personal jurisdiction or venue for the limited purpose of this action only.  To the extent not expressly admitted herein, Impossible Foods denies the remaining allegations of paragraph 4.

## COUNT I
## (Declaration of Non-Infringement of U.S. Patent No. 10,863,761)

5. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

**ANSWER:** Impossible Foods reasserts and incorporates its answers to paragraphs 1-4 as if fully set forth herein.

6. Motif is not infringing, has not infringed, and is not liable for any infringement of any valid and enforceable claim of the '761 Patent, either directly, indirectly, contributorily, by inducement, literally, under the doctrine of equivalents, or in any other manner. Impossible Foods is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Motif's affirmative defenses.

**ANSWER:** Denied.

7. Absent a declaration of non-infringement of the '761 Patent, Impossible Foods will continue to assert claims against Motif and will, in this way, continue to cause damage to Motif's business and reputation.

**ANSWER:** Impossible Foods lacks knowledge of information sufficient to form a belief about the truth of the allegations in paragraph 7, and thereby denies them.

8. To resolve the issues raised by Impossible Foods and to afford relief from uncertainty and controversy that Impossible Foods' allegations have created, Motif is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '761 Patent.

**ANSWER:** Denied.

9. Accordingly, Motif seeks a declaration that the claims of the '761 Patent are not infringed.

**ANSWER:** Impossible Foods admits that Motif purports to request the declaration of the Court that the claims of the '761 Patent are not infringed. Impossible Foods denies that Motif is entitled to the relief requested.

## COUNT II
### (Declaration of Invalidity of U.S. Patent No. 10,863,761)

10. The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

**ANSWER:** Impossible Foods reasserts and incorporates its answers to paragraphs 1-9 as if fully set forth herein.

11. One or more of the claims of the '761 Patent are invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, and/or the rules, regulations, and laws related thereto, including without limitation §§ 101, 102, 103, and/or 112.

**ANSWER:** Denied.

12. The claims of the '761 Patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

**ANSWER:** Denied.

13. The claims of the '761 Patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

**ANSWER:** Denied.

14. The claims of the '761 Patent contain obviousness-type double patenting.

**ANSWER:** Denied.

15. The claims of the '761 Patent fail to include an adequate written description, lack enablement, and/or are indefinite.

**ANSWER:** Denied.

16.  To resolve the issues raised by Impossible Foods and to afford relief from uncertainty and controversy that Impossible Foods' allegations have created, Motif is entitled to declaratory judgment that the claims of the '761 Patent are not valid and enforceable.

**ANSWER:** Impossible Foods admits that Motif purports to request the declaration of the Court that the '761 Patent is invalid. Impossible Foods denies that Motif is entitled to the relief requested. Impossible Foods denies the remaining allegations of paragraph 16.

## **MOTIF'S PRAYER FOR RELIEF**

Impossible Foods denies the allegations contained in Motif's prayer for relief and denies that Motif is entitled to any relief whatsoever. Motif's prayer for relief should be denied in its entirety, and Motif should take nothing.

| | |
|---|---|
| | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| OF COUNSEL: | /s/ *Ian R. Liston* |
| | Ian R. Liston (#5507) |
| Wendy L. Devine | Jennifer A. Ward (#6476) |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | 222 Delaware Avenue, Suite 800 |
| One Market Plaza | Wilmington, DE 19801 |
| Spear Tower, Suite 3300 | (302) 304-7600 |
| San Francisco, CA 94105 | iliston@wsgr.com |
| (415) 947-2000 | jward@wsgr.com |
| | *Counsel for Plaintiff Impossible Foods Inc.* |
| Matthew R. Reed | |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | |
| 650 Page Mill Road | |
| Palo Alto, CA 94304 | |
| (650) 493-9300 | |
| | |
| Lori P. Westin | |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | |
| 12235 El Camino Real | |
| San Diego, CA 92130 | |
| (858) 350-2300 | |
| | |
| G. Edward Powell III | |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | |
| 1700 K Street NW, Fifth Floor | |
| Washington, DC 20006 | |
| (202) 973-8800 | |

Dated: May 20, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2022, I caused the foregoing document to be served, by CM/ECF, upon all counsel of record.

*/s/ Ian R. Liston*
Ian R. Liston (#5507)