# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

IMPOSSIBLE FOOIDS INC.

*Plaintiff*

v.

MOTIF FOODWORKS, INC.

*Defendant*

Civil Action No. 22-311-WCB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Integrity One Solutions

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See attached Schedule A

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Ave, 22nd Floor<br>New York, NY 10010 | Date and Time:<br>05/22/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically and videotaped

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/25/2023

*CLERK OF COURT*

OR

/s/ Joseph Paunovich

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Motif FoodWorks, Inc. , who issues or requests this subpoena, are:

Joseph M. Paunovich, Quinn Emanuel Urquhart & Sullivan LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017; joepaunovich@quinnemanuel.com; 213-443-3257

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-311-WCB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: __________

____________________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1. "You" or "Your" means Integrity One Solutions (420 Lexington Ave, Suite 300, New York, NY 10170)[1] and its employees, agents, representatives, attorneys, or other persons acting under its control.

2. "Impossible" means Plaintiff Impossible Foods Inc. and its employees, agents, representatives, attorneys, or other persons acting under its control.

3. "Action" refers to the litigation captioned *Impossible Foods Inc. v. Motif FoodWorks, Inc.*, C.A. No. 22-311-WCB (D. Del.).

4. "Motif" means Defendant Motif FoodWorks, Inc. and its employees, agents, representatives, attorneys, or other persons acting under its control.

5. "Person" or "Persons" shall mean natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other entities of any type whatsoever.

6. The term "concerning" means relating to, referring to, bearing on, regarding, describing, evidencing, reflecting, comprising, or constituting.

7. The terms "include" and "including" shall be deemed to be followed by the words "without limitation."

---

[1] *See* https://i1sglobal.com/

8. Use of the singular also includes the plural and vice versa.

9. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the request that which might otherwise be construed to be outside its scope.

11. The terms "any," "all," "every," and "each" shall each mean and include the other, and should be interpreted broadly to bring within the scope of these requests Documents and Things that might otherwise be construed to be outside their scope.

## TOPICS OF EXAMINATION

1. Any retention, directly or indirectly, by Impossible (including its counsel or any agents thereof) concerning You.

2. Any efforts by You to obtain information and/or evidence about Motif's business and/or products.

3. Any attempts by You to contact any Persons regarding Motif's business and/or products.

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| IMPOSSIBLE FOOIDS INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 22-311-WCB |
| MOTIF FOODWORKS, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Integrity One Solutions

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | Date and Time:<br>05/09/2023 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/25/2023

*CLERK OF COURT*

OR

/s/ Joseph Paunovich

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Motif FoodWorks, Inc. , who issues or requests this subpoena, are:

Joseph M. Paunovich, Quinn Emanuel Urquhart & Sullivan LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017; joepaunovich@quinnemanuel.com; 213-443-3257

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-311-WCB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
__________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
__________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

Pursuant to Federal Rule of Civil Procedure 45, Motif FoodWorks, Inc. hereby directs that Integrity One Solutions produce the Documents and Things described below. Such production will be governed by the Protective Order in the present litigation, attached hereto in Schedule B, unless otherwise agreed upon by Motif FoodWorks, Inc. and Integrity One Solutions.

Integrity One Solutions shall make such production within fourteen (14) days after the service of this subpoena, at the office of Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010 and electronically via file transfer to qemotif@quinnemanuel.com, in accordance with the Federal Rules of Civil Procedure and in compliance with the Instructions and Definitions set forth below, or other such time or place agreed upon by Motif FoodWorks, Inc. and Integrity One Solutions.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "You" or "Your" means Integrity One Solutions (420 Lexington Ave, Suite 300, New York, NY 10170)[1] and its employees, agents, representatives, attorneys, or other persons acting under its control.

2. "Impossible" means Plaintiff Impossible Foods Inc. and its employees, agents, representatives, attorneys, or other persons acting under its control.

[1] *See* https://i1sglobal.com/

3. "Action" refers to the litigation captioned *Impossible Foods Inc. v. Motif FoodWorks, Inc.*, C.A. No. 22-311-WCB (D. Del.).

4. "Motif" means Defendant Motif FoodWorks, Inc. and its employees, agents, representatives, attorneys, or other persons acting under its control.

5. "Document" or "Documents" has the full meaning ascribed to it by the Federal Rules of Civil Procedure and shall include any means for retaining or reflecting information.

6. "Thing" or "Things" means any tangible item(s) other than a Document.

7. "Communication" or "Communications" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

8. "Person" or "Persons" shall mean natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other entities of any type whatsoever.

9. The term "concerning" means relating to, referring to, bearing on, regarding, describing, evidencing, reflecting, comprising, or constituting.

10. The terms "include" and "including" shall be deemed to be followed by the words "without limitation."

11. Use of the singular also includes the plural and vice versa.

12. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

13. The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the request that which might otherwise be construed to be outside its scope.

14. The terms “any,” “all,” “every,” and “each” shall each mean and include the other, and should be interpreted broadly to bring within the scope of these requests Documents and Things that might otherwise be construed to be outside their scope.

**INSTRUCTIONS**

The following instructions are applicable herein:

1. If you object to any Request or part of any Request, produce all responsive documents to which your objection does not apply.

2. If a Request for Documents and/or Things cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

3. All associated documents (e.g., an email and all documents attached to that email) are to be produced together.

4. The documents or things requested are to be produced as they are kept in the usual course of business, or they are to be organized and labeled to correspond with the categories in these Requests, including any indexes thereof. If there are no documents or things responsive to any particular Request, so state in writing.

5. If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6. If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language you consider ambiguous and state the interpretation you are using in responding.

7. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for your conclusion.

8. Under Federal Rule of Civil Procedure 45(e)(2), in the event that any Document and/or Thing is subject to any claim of privilege (including work product), You shall furnish a list identifying each such Document or Thing by:

a. identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted;

b. describing the nature of the document (e.g., letter, e-mail, inter-office memorandum, notes, etc.) and, to the extent possible, the subject matter thereof;

c. identifying any and all attachments or enclosures appurtenant to such documents;

d. stating briefly the nature of the privilege asserted; and

e. producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

9. You are to produce all non-privileged portions of any documents or things that purportedly contain privileged subject matter.

**REQUESTS FOR PRODUCTION**

1. All Documents and Communications relating to or concerning any retention, directly or indirectly, by Impossible (including its counsel or any agents thereof) concerning You.

2. All Documents and Communications relating to or concerning any efforts by You to obtain information and/or evidence about Motif's business and/or products.

3. All Documents and Communications relating to or concerning any attempts by You to contact any Persons regarding Motif's business and/or products.

**SCHEDULE B**

**PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IMPOSSIBLE FOODS INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 22-311 (WCB) |
| MOTIF FOODWORKS, INC., | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Impossible Foods Inc. ("Impossible Foods") and Defendant Motif FoodWorks, Inc. ("Motif"), hereinafter referred to collectively as "the Parties," believe that certain information that is or will be encompassed by the Parties' discovery demands involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, upon the stipulation of the Parties in the above-captioned action (the "Action") to the entry of the following Stipulated Protective Order (the "Protective Order"), the Court hereby ORDERS that:

**1. Scope of Protection.**

1.1 This Protective Order shall govern any record of information, designated pursuant to ¶ 3 of this Protective Order, produced, exchanged, or served in this Action in accordance with its terms, including, without limitation, all designated deposition testimony, designated interrogatory answers, documents and other discovery materials, whether produced informally or

in response to interrogatories, requests for admissions, requests for production of documents, or other formal methods of discovery, or expert reports.

1.2 This Protective Order shall apply to the Parties and any non-party from whom discovery may be sought and who desires the protection of this Protective Order. If an additional party unrelated to one of the Parties (or a successor in interest to one of the Parties) joins or is joined in this Action, the newly joined party shall not have access to documents or other information produced under protection of this Protective Order until the Parties agree to a supplemental protective order or the newly joined party agrees to be bound by the terms of this Protective Order.

**2. CONFIDENTIAL and HIGHLY CONFIDENTIAL INFORMATION.**

2.1 As used herein, the term "CONFIDENTIAL INFORMATION" (which herein is synonymous and interchangeable with "CONFIDENTIAL") means any information used by a party or non-party in or pertaining to its business, which information is not publicly known, including any form of trade secret or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). The designation of CONFIDENTIAL INFORMATION by a party or non-party who seeks to invoke protection under this Protective Order ("Producing Party") constitutes the Producing Party's representation that it reasonably and in good faith believes that the designated material constitutes or contains information as described above. In particular, information may be designated CONFIDENTIAL INFORMATION if the information constitutes trade secrets or confidential processes, operations, research, technical or developmental information or apparatus, production, marketing, sales, customers, shipments, or other proprietary or confidential trade secret, technical, business, financial, or personnel information within the meaning of Federal Rule of Civil Procedure

26(c)(1)(G). In addition, the following shall be designated CONFIDENTIAL INFORMATION: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL INFORMATION; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (c) portions of briefs, memoranda, or any other writings filed with the Court, including exhibits thereto, that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (d) written discovery responses, answers, or contentions that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (e) expert reports that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; and (f) deposition testimony revealing CONFIDENTIAL INFORMATION.

2.2 Information may be designated "HIGHLY CONFIDENTIAL INFORMATION" (which herein is synonymous and interchangeable with "HIGHLY CONFIDENTIAL") where the Producing Party reasonably and in good faith believes the information contains non-public documents, materials, or information relating to (i) commercially sensitive financial information, including business plans, decisions, processes, license agreements, sales projections, profit projections, market share projections, pricing plans and pricing analysis, non-public sales data and analysis, non-public market share data; (ii) past, present, or prospective customers, dealers, and distributors, such as proposals, bids, or contracts; (iii) research and development of products or potential products; (iv) trade secrets, unpublished patent applications, licenses and related negotiations, competitive intelligence, forecasts, or future business or marketing plans; and (v) any other information the disclosure of which could result in competitive or commercial disadvantage to the Producing Party. In addition, the following shall be designated HIGHLY CONFIDENTIAL INFORMATION: (a) all copies, extracts, and complete or partial summaries prepared from such

HIGHLY CONFIDENTIAL INFORMATION; (b) deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; (d) written discovery responses, answers, or contentions that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; (e) expert reports and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; and (f) deposition testimony revealing HIGHLY CONFIDENTIAL INFORMATION. Information that does not fall into the categories specified above shall not be designated HIGHLY CONFIDENTIAL INFORMATION.

2.3 Information may be designated "HIGHLY CONFIDENTIAL – PATENT PROSECUTION" where the Producing Party reasonably and in good faith believes the information (1) meets the definition of HIGHLY CONFIDENTIAL INFORMATION and (2) is particularly sensitive research and development, product design, or trade secret product or process information which is of the type that can be included in a patent application and form the basis, or part of the basis, for a patent claim or claims. The HIGHLY CONFIDENTIAL – PATENT PROSECUTION designation is an extraordinary designation and is to be used only in good faith by counsel to protect information that meets the above defined criteria.

2.4 In the event that a document produced in this Action contains both HIGHLY CONFIDENTIAL INFORMATION (including information that meets the criteria for HIGHLY CONFIDENTIAL – PATENT PROSECUTION) and CONFIDENTIAL INFORMATION but is designated HIGHLY CONFIDENTIAL (or HIGHLY CONFIDENTIAL – PATENT PROSECUTION) in its entirety by the Producing Party, then any party receiving such document

("Receiving Party") may request that the Producing Party provide a copy that has any HIGHLY CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) redacted and therefore can be treated as containing CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL INFORMATION). The request shall be in writing, and the Producing Party shall have three (3) business days from receipt of the request to produce such a redacted version.

2.5 In the event that a party marks a pleading, expert report, contention, correspondence, discovery request, discovery response, or material filed with the Court as containing HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) because it contains a party's own HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), then that party shall, within three (3) business days, provide to the recipient(s) a version that has the Producing Party's own HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) redacted.

**3. Designation.**

3.1 Each party shall have the right to designate information as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION subject to this Protective Order. It shall be the duty of the Producing Party to give notice, in accordance with the provisions of this Protective Order, of the information designated to be covered by this Protective Order. To the extent that material is marked CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION, such material shall only be revealed to or used

by limited categories of persons, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, also shall be deemed CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION accordingly, and the terms regarding confidentiality of these materials shall be identical to the terms applicable to the originals.

3.2 Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" when the document or thing is produced to the Receiving Party. Each page of a document and each thing that constitutes or contains HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" when the document or thing is produced to the Receiving Party. Each page of a document and each thing that constitutes or contains information that meets the criteria for HIGHLY CONFIDENTIAL – PATENT PROSECUTION shall be labeled or marked with the legend "HIGHLY CONFIDENTIAL INFORMATION – PATENT PROSECUTION – SUBJECT TO PROTECTIVE ORDER" when the document or thing is produced to the Receiving Party. Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material produced without any such legend clearly indicating that it is subject to this Protective Order shall not be subject to the protections afforded to such information under this Protective

Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with ¶ 13 of this Protective Order.

3.3 Documents and things produced may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, shall be labeled clearly as redacted. Information involving the privacy interests of one or more persons or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information) can be redacted in accordance with the provisions of this paragraph. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

**4. Limit on Use and Disclosure of Designated Information.**

4.1 The production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) by a party under the terms of this Protective Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of such information. Nothing contained herein shall preclude any party from opposing any discovery on any basis. Further, nothing in this Protective Order constitutes an admission by any party that any specific item of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) is a trade secret or otherwise is confidential or proprietary to a party.

Case 1:22-cv-00311-WCB Document 57-1 Filed 01/05/23 Page 8 of 83 PageID #: 2236

4.2 Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) and all information derived therefrom shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Party to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Party for any purpose other than in connection with this Action, including, without limitation, for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case). Further, absent consent of the Producing Party or further order of this Court, all persons receiving information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) under this Protective Order from an opposing party in this Action are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office or the Patent Trial and Appeal Board, the United States Food and Drug Administration, or their counterpart organizations in any foreign jurisdiction, and are expressly prohibited from using or disclosing such information in connection with any other civil action.

4.3 It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party.

4.4 The Parties agree to meet and confer in good faith prior to trial to establish procedures concerning the use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) at trial. Nothing in this Protective Order shall preclude any party from moving the Court to seal the courtroom, trial exhibits, or the trial transcript in order to preserve the confidential nature of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) used at trial.

**5. Disclosure of CONFIDENTIAL INFORMATION.**

5.1 Every person to whom CONFIDENTIAL INFORMATION is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order.

5.2 Except as provided in ¶ 9, documents or information designated CONFIDENTIAL INFORMATION shall be available only to the following persons under the following conditions:

(a) The officers, directors, and employees of a party actually engaged in the preparation of this Action for trial. Such persons may disclose CONFIDENTIAL INFORMATION to their secretarial, paralegal, clerical, or legal assistant staff;

(b) outside trial counsel or outside attorneys of record for the Parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical, and legal assistant staff working on this case;

(c) the Court and Court personnel;

(d) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, who are not objected to pursuant to ¶ 7; and

(e) independent litigation support services (including persons working for or as court reporters, videographers, translators/interpreters, graphics or design services, trial/hearing presentation services, expert consultants or witnesses, jury or trial consulting services, document handling/processing, photocopy, document imaging, and database services) retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, who first agree to be bound by the terms of this Protective Order by executing a copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A.[1] Counsel for the party seeking to disclose material designated

[1] Mock jurors hired by jury consultants in connection with this litigation may not view or receive any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) but may view presentations or summaries derived from CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), and excerpts from depositions that reflect CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), provided that such excerpts do not contain more than five (5) minutes of testimony from any single witness's deposition, and further provided that: (1) the mock jurors are not affiliated with any party to this case (or a party's direct competitor); (2) the mock jurors first execute a copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A; and (3) the mock jurors agree, in writing, that they will not remove any presentations, questionnaires, or notes taken from any location where the mock jurors' services are to be performed.

under this Protective Order to any such person pursuant to this paragraph shall be responsible for retaining the executed original of the Declaration and Confidentiality Undertaking.

**6. Disclosure of HIGHLY CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – PATENT PROSECUTION Information.**

6.1 Every person to whom HIGHLY CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – PATENT PROSECUTION is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order.

6.2 Documents or information designated HIGHLY CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – PATENT PROSECUTION shall be available only to the following persons under the following conditions:

(a) Up to three (3) in-house personnel employed by Impossible Foods and up to three (3) in-house personnel employed by Motif, each of whom is an attorney or counsel or, if not an attorney or counsel, is in the legal department/division of said entity or is responsible for overseeing this litigation and exercises no competitive decision-making authority on behalf of a party. Such designated persons shall execute a copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A, which shall in turn be provided to outside counsel for the other Parties in this Action, along with the title, business address, and job description of the designated person, at least five (5) business days prior to the disclosure of HIGHLY CONFIDENTIAL INFORMATION to such persons. If a party objects in

writing to a proposed designated in-house personnel within five (5) business days after the receipt of notice of such proposed designation, the disclosure may not be made without prior approval by the Court or an express written agreement between the Parties removing the objection. If the objection cannot be resolved, the party opposing the proposed individual may raise the issue with the Court in accordance with the Court's procedures for resolution of discovery disputes. Although the burden shall be on the objecting party to show the Court why the proposed in-house personnel does not satisfy the requirements of this paragraph and why the disclosure should not be allowed, the proposing party has the burden of providing sufficient information on all topics described in this paragraph for the Court to reasonably make that determination. In-house personnel designated pursuant to this paragraph may disclose HIGHLY CONFIDENTIAL INFORMATION to their secretarial, paralegal, clerical, or legal assistant staff. In the event that a member of a party's designated in-house personnel no longer has responsibilities relating to this litigation, that party may designate one (1) person, in accordance with the terms of this Protective Order, to replace the formerly designated person, upon giving written notice of such change to outside counsel for the other Parties in this Action and providing an executed copy of the Declaration and Confidentiality Undertaking; and

(b) persons described in ¶¶ 5.2 (b), (c), (d), and (e).

6.3 Absent written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated HIGHLY CONFIDENTIAL – PATENT PROSECUTION by the Producing Party shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to (1) the field of the inventions of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office. To avoid any doubt, "prosecuting" as used in this paragraph does not include participating or assisting in challenging or defending any patents pertaining to the field of the invention of the patents-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter partes* reexamination, *inter partes* review, postgrant review, or covered business method review), provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language. These prohibitions shall begin when access to items or information designated as HIGHLY CONFIDENTIAL – PATENT PROSECUTION is first received by the affected individual and shall end one year after the final resolution of this action, including all appeals.

**7. Experts And Consultants.**

7.1 If any party desires to disclose documents or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) to any expert or consultant

Document 51-1 Filed 10/08/23 Page 14 of 16 PageID #: 242

pursuant to ¶¶ 5 or 6 above, it must first provide notice of each such expert or consultant in writing (which can be by email or facsimile) to the outside counsel of record for the Producing Party. Such notice shall include the proposed expert or consultant's full name, affiliation, and professional address, an up-to-date curriculum vitae, a list of matters in which the expert or consultant has testified at a deposition, hearing, or trial within the last four years, and an executed copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A.

7.2 The Producing Party shall have five (5) business days from receipt of such notice to object in writing to disclosure of such information to an expert or consultant so identified. Any party that fails to object in writing within five (5) business days of receiving such notice shall be deemed to have waived any objection.

7.3 The Parties shall attempt to resolve any objection informally. Within three (3) business days of receipt of an objection, the Parties shall meet and confer and attempt to resolve the objection. If the objection cannot be resolved, the party opposing disclosure of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) to the expert or consultant may raise the issue with the Court in accordance with the Court's procedures for resolution of discovery disputes. If the issue is raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection. Any party that fails to raise such an issue with the Court within ten (10) business days of notifying a party of an objection pursuant to this paragraph shall be deemed to have waived such objection.

**8. Designation of Deposition Transcripts.**

8.1 Portions of deposition transcripts containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL –

PATENT PROSECUTION information) may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice, within thirty (30) calendar days following receipt of the official transcript of the deposition, to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2 Prior to taking testimony that the Producing Party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION), the Producing Party shall have the right to exclude from portions of a deposition all persons other than those persons previously qualified to receive such information pursuant to this Protective Order. If the non-qualified persons fail to comply with such a request, the Producing Party may seek relief from the Court pursuant to the Court's procedures for resolution of discovery disputes and, pending resolution of that request, may instruct the witness to limit disclosure or not answer questions relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information).

**9. Limitations Of Protective Order.**

9.1 Documents or information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION may be disclosed in accordance with the written agreement of the Producing Party.

9.2 Any Receiving Party may move the Court (in accordance with the Court's procedures for resolution of discovery disputes) for an order that a person is to receive access to information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information). If the motion is granted, such person may have access after first signing the Declaration and Confidentiality Undertaking attached hereto as Exhibit A.

9.3 Documents or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) may be disclosed at deposition, at trial, or at any other Court hearing, to:

(a) any person who appears from the face of the document to have drafted, prepared, executed, had knowledge of the substance of, or received the document;

(b) any person, including a former employee, who is reasonably likely to have had prior lawful access to the document or the information contained therein; or

(c) a currently employed officer, employee, or expert of the Producing Party.

9.4 This Protective Order shall not apply to information that is or was available to the public prior to disclosure in this action. The restrictions contained in this Protective Order shall not apply to information that is, was, or becomes available to the public, other than by an act or omission of the Receiving Party, or that is legitimately and independently acquired from a source not subject to this Protective Order. This includes information a party receives from a non-party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure.

9.5 This Protective Order shall not apply to and, thus, does not restrict any party's use or disclosure of its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information).

9.6 This Protective Order shall not apply to and does not restrict any person from reviewing or seeing any document authored, in whole or in part, by that person.

**10. Filing Designated Information with the Court.**

Any document or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), if filed with the Court, shall be filed under seal pursuant to the Court's procedures for filing materials under seal, and shall be made available only to the Court and to persons qualified, under the terms of this Protective Order, to have access to such designated material.

**11. Exhibits.**

Any party may mark any document or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) as an exhibit to a deposition, hearing, or other proceeding, provided the witness at such proceeding is qualified, under the terms of this Protective Order, to have access to such designated material.

**12. Challenge to Confidentiality.**

12.1 This Protective Order shall not preclude any party from seeking and obtaining additional protection with respect to confidentiality or modifying this Protective Order in any respect.

12.2 No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12.3 In any challenge to the confidentiality designation of any documents or information, the burden of proof shall lie on the Producing Party to establish that such designation is appropriate.

12.4 If a party seeks removal of or change to a confidentiality designation, the following procedure shall be utilized:

(a) The party seeking removal of or change to a confidentiality designation shall give counsel of record for the Producing Party written notice specifying the designated information as to which such removal or change is sought and the reasons for the request;

(b) Within five (5) business days after receipt of the notification, the Parties shall meet and confer to attempt to resolve the request; and

(c) If, after conferring, the Parties cannot reach agreement concerning the request, within three (3) business days after the meet and confer, the party seeking removal of or change to the confidentiality designation may challenge the designation in accordance with the Court's procedures for resolution of discovery disputes.

**13. Inadvertent Failure to Designate and Disclosure.**

13.1 The inadvertent or unintentional failure to designate documents or information as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION shall not be deemed a waiver of a claim of

confidentiality. A Producing Party that inadvertently fails to designate documents or information as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION at the time of production may thereafter so designate by serving notice thereof in writing, accompanied by substitute copies of each item appropriately designated. Upon receipt of such notice and properly marked documents or information, the Receiving Party shall treat such documents or information consistent with the redesignation. All copies of the documents or information lacking designation shall be promptly destroyed or returned to the Producing Party, and any memoranda or work product derived therefrom shall thereafter be treated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information). No party shall be held in breach of this Protective Order if, prior to notification of such later designation, such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) had been disclosed or used in a manner inconsistent with such later designation.

13.2 Should documents or information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such documents or information and to bind such unauthorized person to the terms of this Protective Order; (b) within three (3) business days of the discovery of such disclosure, inform such unauthorized person of all provisions of this Protective Order and request such unauthorized person to sign the Declaration and Confidentiality

Undertaking in the form attached hereto as Exhibit A; and (c) within five (5) business days of the discovery of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure, including the identity of such unauthorized person and the documents or information disclosed. The Receiving Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed. Each party shall cooperate in good faith in that effort.

**14. Inadvertent Production or Disclosure of Privileged Materials.**

14.1 Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, within a reasonably prompt period of time after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing. Within ten (10) business days of receiving such a request, the Receiving Party shall (a) destroy or return to the Producing Party all copies of such documents and things identified by the Producing Party, and (b) delete any electronic records thereof.

14.2 If the Receiving Party wishes to contest the privilege claim, the Receiving Party shall notify the Producing Party in writing when the document or thing is destroyed or returned to the Producing Party. The Receiving Party may retain only one (1) copy of the document or thing at issue only for the purposes of filing a motion to contest the privilege claim. The copy retained by the Receiving Party must be sequestered and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

14.3 Within five (5) business days after receiving a notice pursuant to ¶ 14.2, the Producing Party shall provide to the Receiving Party a description of the basis for the claim of privilege or immunity.

14.4 Within five (5) business days after receiving a description pursuant to ¶ 14.3, the Receiving Party may seek relief from the Court in accordance with the Court's procedures for resolution of discovery disputes. If resolution is not sought from the Court within such five (5) business day period, the one (1) copy, if any, retained by the Receiving Party as set forth in ¶ 14.2 shall be immediately destroyed or returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge, the one (1) copy, if any, retained by the Receiving Party as set forth in ¶ 14.2 shall be immediately destroyed or returned to the Producing Party.

14.5 With respect to documents and information subsequently generated by a Receiving Party that contain information derived from such inadvertently produced documents and things, if the Receiving Party does not dispute the privilege claim, or if the Court rejects any challenge, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privileged or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

14.6 The facts or circumstances of the inadvertent production shall in no way be relied on as a ground to support any argument that the information is no longer subject to any applicable privilege or immunity. For purposes of this paragraph, it shall be irrelevant which party initially discovers the inadvertent or mistaken production.

**15. Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant

and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's documents or information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION pursuant to this Protective Order shall promptly notify that party of the motion so that the notified party may have an opportunity to appear and be heard on whether such information should be disclosed.

**16. Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and non-party for the production of information to the discovering party, are applicable to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) provided by a non-party. Information provided by a non-party in connection with this Action and designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION pursuant to the terms of this Protective Order shall be protected by the remedies and relief available under this Protective Order.

**17. Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever documents or information designated CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION are to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Protective Order to receive the documents or information so designated. Further, nothing in this Protective Order shall preclude any party from moving the Court to seal the courtroom, exhibits, or the transcript in order to preserve the confidential nature of any documents or information so designated.

**18. Final Termination of this Litigation.**

Within ninety (90) calendar days following final termination of this litigation, including all appeals therefrom, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party shall assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGH CONFIDENTIAL – PATENT PROSECUTION, including all copies, extracts, and summaries thereof, to the party from whom the designated material was obtained, except that a party is not obligated to return or destroy CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) that may be contained on electronic backup tapes or other archival media, which should be treated in accordance with standard retention policies, *i.e.*, which are not retained indefinitely without being overwritten. Notwithstanding the foregoing or a successful challenge under ¶ 12, and subject to a continuing obligation to protect all such material pursuant to this Protective Order, outside counsel may retain any archive copies of any filings, court papers, correspondence (including e-mails), deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such

materials contain or reference CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION information).

**19. Waiver or Termination of Protective Order.**

19.1 No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for the Producing Party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further order of this Court.

19.2 In the event any party ceases to be engaged in the conduct of this Action prior to the final termination of the Action, such party's access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of ¶ 18.

19.3 The provisions of this Protective Order shall remain in full force and effect as to any person or party who previously had access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), except as may be specifically ordered by the Court or consented to by the Producing Party. For example, the termination of employment of any person with access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) shall not relieve such person from the obligation of maintaining the confidentiality of such information.

**20. Modification of Protective Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties subject to the approval of the Court. This Protective Order

supersedes any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**21. Miscellaneous.**

21.1 The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

21.2 Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

| | |
|---|---|
| */s/ Ian R. Liston* | */s/ Jeremy A. Tigan* |
| Ian R. Liston (#5507)<br>Jennifer A. Ward (#6476)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>222 Delaware Avenue, Suite 800<br>Wilmington, DE 19801<br>(302) 304-7600<br>iliston@wsgr.com<br>jward@wsgr.com | Jeremy A. Tigan (#5239)<br>Lucinda C. Cucuzzella (#3491)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jtigan@morrisnichols.com<br>ccucuzzella@morrisnichols.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**SO ORDERED** this 10th day of February, 2023.

William C. Bryson

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IMPOSSIBLE FOODS INC.,

Plaintiff,

v.

MOTIF FOODWORKS, INC.,

Defendant.

C.A. No. 22-311 (WCB)

**DECLARATION AND CONFIDENTIALITY UNDERTAKING**

I certify that I have received and carefully read the Stipulated Protective Order ("Protective Order") in this Action and that I fully understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the jurisdiction of the United States District Court for the District of Delaware for any proceedings involving the enforcement of this Protective Order. I declare under penalty of perjury under the laws of the United States of America this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this ________________day of ________, ________.

____________________________________
Name

____________________________________
Signature

____________________________________
Present Employer or Other Business Affiliation

____________________________________
Business Address

# EXHIBIT 3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| IMPOSSIBLE FOOIDS INC.<br>*Plaintiff*<br>v.<br>MOTIF FOODWORKS, INC.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 22-311-WCB |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sarah Q. Nasir

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Ave, 22nd Floor<br>New York, NY 10010 | 05/24/2023 9:00 am |

The deposition will be recorded by this method: stenographically and videotaped

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/25/2023

*CLERK OF COURT*

OR

/s/ Joseph Paunovich

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Motif FoodWorks, Inc. , who issues or requests this subpoena, are:

Joseph M. Paunovich, Quinn Emanuel Urquhart & Sullivan LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017; joepaunovich@quinnemanuel.com; 213-443-3257

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-311-WCB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________________
______________________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 4

# UNITED STATES DISTRICT COURT

for the

District of Delaware

IMPOSSIBLE FOOIDS INC.
*Plaintiff*
v.
MOTIF FOODWORKS, INC.
*Defendant*

Civil Action No. 22-311-WCB

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Sarah Q. Nasir

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | Date and Time:<br>05/09/2023 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/25/2023

*CLERK OF COURT*

OR

/s/ Joseph Paunovich

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Motif FoodWorks, Inc. , who issues or requests this subpoena, are:

Joseph M. Paunovich, Quinn Emanuel Urquhart & Sullivan LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017; joepaunovich@quinnemanuel.com; 213-443-3257

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-311-WCB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

Pursuant to Federal Rule of Civil Procedure 45, Motif FoodWorks, Inc. hereby directs that Sarah Q. Nasir produce the Documents and Things described below. Such production will be governed by the Protective Order in the present litigation, attached hereto in Schedule B, unless otherwise agreed upon by Motif FoodWorks, Inc. and Ms. Nasir

Ms. Nasir shall make such production within fourteen (14) days after the service of this subpoena, at the office of Quinn Emanuel Urquhart & Sullivan LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010 and electronically via file transfer to qemotif@quinnemanuel.com, in accordance with the Federal Rules of Civil Procedure and in compliance with the Instructions and Definitions set forth below, or other such time or place agreed upon by Motif FoodWorks, Inc. and Ms. Nasir.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "You" or "Your" means Sarah Q. Nasir and her employees, agents, representatives, attorneys, or other persons acting under her control.

2. "Integrity One Solutions" means Integrity One Solutions (420 Lexington Ave, Suite 300, New York, NY 10170)[1] and its employees, agents, representatives, attorneys, or other persons acting under its control.

---

[1] *See* https://i1sglobal.com/

3. "Impossible" means Plaintiff Impossible Foods Inc. and its employees, agents, representatives, attorneys, or other persons acting under its control.

4. "Action" refers to the litigation captioned *Impossible Foods Inc. v. Motif FoodWorks, Inc.*, C.A. No. 22-311-WCB (D. Del.).

5. "Motif" means Defendant Motif FoodWorks, Inc. and its employees, agents, representatives, attorneys, or other persons acting under its control.

6. "Document" or "Documents" has the full meaning ascribed to it by the Federal Rules of Civil Procedure and shall include any means for retaining or reflecting information.

7. "Thing" or "Things" means any tangible item(s) other than a Document.

8. "Communication" or "Communications" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

9. "Person" or "Persons" shall mean natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other entities of any type whatsoever.

10. The term "concerning" means relating to, referring to, bearing on, regarding, describing, evidencing, reflecting, comprising, or constituting.

11. The terms "include" and "including" shall be deemed to be followed by the words "without limitation."

12. Use of the singular also includes the plural and vice versa.

13. The terms "or" and "and" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14. The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the request that which might otherwise be construed to be outside its scope.

15. The terms "any," "all," "every," and "each" shall each mean and include the other, and should be interpreted broadly to bring within the scope of these requests Documents and Things that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

The following instructions are applicable herein:

1. If you object to any Request or part of any Request, produce all responsive documents to which your objection does not apply.

2. If a Request for Documents and/or Things cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

3. All associated documents (e.g., an email and all documents attached to that email) are to be produced together.

4. The documents or things requested are to be produced as they are kept in the usual course of business, or they are to be organized and labeled to correspond with the categories in these Requests, including any indexes thereof. If there are no documents or things responsive to any particular Request, so state in writing.

5. If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6. If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language you consider ambiguous and state the interpretation you are using in responding.

7. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for your conclusion.

8. Under Federal Rule of Civil Procedure 45(e)(2), in the event that any Document and/or Thing is subject to any claim of privilege (including work product), You shall furnish a list identifying each such Document or Thing by:

a. identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted;
b. describing the nature of the document (e.g., letter, e-mail, inter-office memorandum, notes, etc.) and, to the extent possible, the subject matter thereof;
c. identifying any and all attachments or enclosures appurtenant to such documents;
d. stating briefly the nature of the privilege asserted; and
e. producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

9. You are to produce all non-privileged portions of any documents or things that purportedly contain privileged subject matter.

**REQUESTS FOR PRODUCTION**

1. All Documents and Communications relating to or concerning any retention, directly or indirectly, by Impossible (including its counsel or any agents thereof) concerning You.

2. All Documents and Communications relating to or concerning any retention, directly or indirectly, by Impossible (including its counsel or any agents thereof) concerning Integrity One Solutions.

3. All Documents and Communications relating to or concerning any efforts by You to obtain information and/or evidence about Motif's business and/or products.

4. All Documents and Communications relating to or concerning any efforts by Integrity One Solutions to obtain information and/or evidence about Motif's business and/or products.

5. All Documents and Communications relating to or concerning any attempts by You to contact any Persons regarding Motif's business and/or products.

6. All Documents and Communications relating to or concerning any attempts by Integrity One Solutions to contact any Persons regarding Motif's business and/or products.

# SCHEDULE B

# PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IMPOSSIBLE FOODS INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 22-311 (WCB) |
| MOTIF FOODWORKS, INC., | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Impossible Foods Inc. ("Impossible Foods") and Defendant Motif FoodWorks, Inc. ("Motif"), hereinafter referred to collectively as "the Parties," believe that certain information that is or will be encompassed by the Parties' discovery demands involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, upon the stipulation of the Parties in the above-captioned action (the "Action") to the entry of the following Stipulated Protective Order (the "Protective Order"), the Court hereby ORDERS that:

**1. Scope of Protection.**

1.1 This Protective Order shall govern any record of information, designated pursuant to ¶ 3 of this Protective Order, produced, exchanged, or served in this Action in accordance with its terms, including, without limitation, all designated deposition testimony, designated interrogatory answers, documents and other discovery materials, whether produced informally or

in response to interrogatories, requests for admissions, requests for production of documents, or other formal methods of discovery, or expert reports.

1.2 This Protective Order shall apply to the Parties and any non-party from whom discovery may be sought and who desires the protection of this Protective Order. If an additional party unrelated to one of the Parties (or a successor in interest to one of the Parties) joins or is joined in this Action, the newly joined party shall not have access to documents or other information produced under protection of this Protective Order until the Parties agree to a supplemental protective order or the newly joined party agrees to be bound by the terms of this Protective Order.

**2. CONFIDENTIAL and HIGHLY CONFIDENTIAL INFORMATION.**

2.1 As used herein, the term "CONFIDENTIAL INFORMATION" (which herein is synonymous and interchangeable with "CONFIDENTIAL") means any information used by a party or non-party in or pertaining to its business, which information is not publicly known, including any form of trade secret or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). The designation of CONFIDENTIAL INFORMATION by a party or non-party who seeks to invoke protection under this Protective Order ("Producing Party") constitutes the Producing Party's representation that it reasonably and in good faith believes that the designated material constitutes or contains information as described above. In particular, information may be designated CONFIDENTIAL INFORMATION if the information constitutes trade secrets or confidential processes, operations, research, technical or developmental information or apparatus, production, marketing, sales, customers, shipments, or other proprietary or confidential trade secret, technical, business, financial, or personnel information within the meaning of Federal Rule of Civil Procedure

26(c)(1)(G). In addition, the following shall be designated CONFIDENTIAL INFORMATION: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL INFORMATION; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (c) portions of briefs, memoranda, or any other writings filed with the Court, including exhibits thereto, that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (d) written discovery responses, answers, or contentions that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; (e) expert reports that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION; and (f) deposition testimony revealing CONFIDENTIAL INFORMATION.

2.2 Information may be designated "HIGHLY CONFIDENTIAL INFORMATION" (which herein is synonymous and interchangeable with "HIGHLY CONFIDENTIAL") where the Producing Party reasonably and in good faith believes the information contains non-public documents, materials, or information relating to (i) commercially sensitive financial information, including business plans, decisions, processes, license agreements, sales projections, profit projections, market share projections, pricing plans and pricing analysis, non-public sales data and analysis, non-public market share data; (ii) past, present, or prospective customers, dealers, and distributors, such as proposals, bids, or contracts; (iii) research and development of products or potential products; (iv) trade secrets, unpublished patent applications, licenses and related negotiations, competitive intelligence, forecasts, or future business or marketing plans; and (v) any other information the disclosure of which could result in competitive or commercial disadvantage to the Producing Party. In addition, the following shall be designated HIGHLY CONFIDENTIAL INFORMATION: (a) all copies, extracts, and complete or partial summaries prepared from such

HIGHLY CONFIDENTIAL INFORMATION; (b) deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; (d) written discovery responses, answers, or contentions that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; (e) expert reports and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL INFORMATION; and (f) deposition testimony revealing HIGHLY CONFIDENTIAL INFORMATION. Information that does not fall into the categories specified above shall not be designated HIGHLY CONFIDENTIAL INFORMATION.

2.3 Information may be designated "HIGHLY CONFIDENTIAL – PATENT PROSECUTION" where the Producing Party reasonably and in good faith believes the information (1) meets the definition of HIGHLY CONFIDENTIAL INFORMATION and (2) is particularly sensitive research and development, product design, or trade secret product or process information which is of the type that can be included in a patent application and form the basis, or part of the basis, for a patent claim or claims. The HIGHLY CONFIDENTIAL – PATENT PROSECUTION designation is an extraordinary designation and is to be used only in good faith by counsel to protect information that meets the above defined criteria.

2.4 In the event that a document produced in this Action contains both HIGHLY CONFIDENTIAL INFORMATION (including information that meets the criteria for HIGHLY CONFIDENTIAL – PATENT PROSECUTION) and CONFIDENTIAL INFORMATION but is designated HIGHLY CONFIDENTIAL (or HIGHLY CONFIDENTIAL – PATENT PROSECUTION) in its entirety by the Producing Party, then any party receiving such document

("Receiving Party") may request that the Producing Party provide a copy that has any HIGHLY CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) redacted and therefore can be treated as containing CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL INFORMATION). The request shall be in writing, and the Producing Party shall have three (3) business days from receipt of the request to produce such a redacted version.

2.5 In the event that a party marks a pleading, expert report, contention, correspondence, discovery request, discovery response, or material filed with the Court as containing HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) because it contains a party's own HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), then that party shall, within three (3) business days, provide to the recipient(s) a version that has the Producing Party's own HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) redacted.

**3. Designation.**

3.1 Each party shall have the right to designate information as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION subject to this Protective Order. It shall be the duty of the Producing Party to give notice, in accordance with the provisions of this Protective Order, of the information designated to be covered by this Protective Order. To the extent that material is marked CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION, such material shall only be revealed to or used

by limited categories of persons, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, also shall be deemed CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION accordingly, and the terms regarding confidentiality of these materials shall be identical to the terms applicable to the originals.

3.2 Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" when the document or thing is produced to the Receiving Party. Each page of a document and each thing that constitutes or contains HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" when the document or thing is produced to the Receiving Party. Each page of a document and each thing that constitutes or contains information that meets the criteria for HIGHLY CONFIDENTIAL – PATENT PROSECUTION shall be labeled or marked with the legend "HIGHLY CONFIDENTIAL INFORMATION – PATENT PROSECUTION – SUBJECT TO PROTECTIVE ORDER" when the document or thing is produced to the Receiving Party. Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material produced without any such legend clearly indicating that it is subject to this Protective Order shall not be subject to the protections afforded to such information under this Protective

Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with ¶ 13 of this Protective Order.

3.3 Documents and things produced may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, shall be labeled clearly as redacted. Information involving the privacy interests of one or more persons or subject to data privacy restrictions (such as social security numbers, dates of birth, private addresses or telephone numbers, or other personal information) can be redacted in accordance with the provisions of this paragraph. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

**4. Limit on Use and Disclosure of Designated Information.**

4.1 The production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) by a party under the terms of this Protective Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of such information. Nothing contained herein shall preclude any party from opposing any discovery on any basis. Further, nothing in this Protective Order constitutes an admission by any party that any specific item of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) is a trade secret or otherwise is confidential or proprietary to a party.

4.2 Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) and all information derived therefrom shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Party to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Party for any purpose other than in connection with this Action, including, without limitation, for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case). Further, absent consent of the Producing Party or further order of this Court, all persons receiving information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) under this Protective Order from an opposing party in this Action are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office or the Patent Trial and Appeal Board, the United States Food and Drug Administration, or their counterpart organizations in any foreign jurisdiction, and are expressly prohibited from using or disclosing such information in connection with any other civil action.

4.3 It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, other than in summary form, except by prior written agreement with counsel for the Producing Party.

4.4 The Parties agree to meet and confer in good faith prior to trial to establish procedures concerning the use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) at trial. Nothing in this Protective Order shall preclude any party from moving the Court to seal the courtroom, trial exhibits, or the trial transcript in order to preserve the confidential nature of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) used at trial.

**5. Disclosure of CONFIDENTIAL INFORMATION.**

5.1 Every person to whom CONFIDENTIAL INFORMATION is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order.

5.2 Except as provided in ¶ 9, documents or information designated CONFIDENTIAL INFORMATION shall be available only to the following persons under the following conditions:

(a) The officers, directors, and employees of a party actually engaged in the preparation of this Action for trial. Such persons may disclose CONFIDENTIAL INFORMATION to their secretarial, paralegal, clerical, or legal assistant staff;

(b) outside trial counsel or outside attorneys of record for the Parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical, and legal assistant staff working on this case;

(c) the Court and Court personnel;

(d) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, who are not objected to pursuant to ¶ 7; and

(e) independent litigation support services (including persons working for or as court reporters, videographers, translators/interpreters, graphics or design services, trial/hearing presentation services, expert consultants or witnesses, jury or trial consulting services, document handling/processing, photocopy, document imaging, and database services) retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, who first agree to be bound by the terms of this Protective Order by executing a copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A.[1] Counsel for the party seeking to disclose material designated

[1] Mock jurors hired by jury consultants in connection with this litigation may not view or receive any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) but may view presentations or summaries derived from CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), and excerpts from depositions that reflect CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), provided that such excerpts do not contain more than five (5) minutes of testimony from any single witness's deposition, and further provided that: (1) the mock jurors are not affiliated with any party to this case (or a party's direct competitor); (2) the mock jurors first execute a copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A; and (3) the mock jurors agree, in writing, that they will not remove any presentations, questionnaires, or notes taken from any location where the mock jurors' services are to be performed.

under this Protective Order to any such person pursuant to this paragraph shall be responsible for retaining the executed original of the Declaration and Confidentiality Undertaking.

**6. Disclosure of HIGHLY CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – PATENT PROSECUTION Information.**

6.1 Every person to whom HIGHLY CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – PATENT PROSECUTION is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order.

6.2 Documents or information designated HIGHLY CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – PATENT PROSECUTION shall be available only to the following persons under the following conditions:

(a) Up to three (3) in-house personnel employed by Impossible Foods and up to three (3) in-house personnel employed by Motif, each of whom is an attorney or counsel or, if not an attorney or counsel, is in the legal department/division of said entity or is responsible for overseeing this litigation and exercises no competitive decision-making authority on behalf of a party. Such designated persons shall execute a copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A, which shall in turn be provided to outside counsel for the other Parties in this Action, along with the title, business address, and job description of the designated person, at least five (5) business days prior to the disclosure of HIGHLY CONFIDENTIAL INFORMATION to such persons. If a party objects in

Document 51-1 Filed 05/08/23 Page 13 of 27 PageID #: 240

writing to a proposed designated in-house personnel within five (5) business days after the receipt of notice of such proposed designation, the disclosure may not be made without prior approval by the Court or an express written agreement between the Parties removing the objection. If the objection cannot be resolved, the party opposing the proposed individual may raise the issue with the Court in accordance with the Court's procedures for resolution of discovery disputes. Although the burden shall be on the objecting party to show the Court why the proposed in-house personnel does not satisfy the requirements of this paragraph and why the disclosure should not be allowed, the proposing party has the burden of providing sufficient information on all topics described in this paragraph for the Court to reasonably make that determination. In-house personnel designated pursuant to this paragraph may disclose HIGHLY CONFIDENTIAL INFORMATION to their secretarial, paralegal, clerical, or legal assistant staff. In the event that a member of a party's designated in-house personnel no longer has responsibilities relating to this litigation, that party may designate one (1) person, in accordance with the terms of this Protective Order, to replace the formerly designated person, upon giving written notice of such change to outside counsel for the other Parties in this Action and providing an executed copy of the Declaration and Confidentiality Undertaking; and

(b) persons described in ¶¶ 5.2 (b), (c), (d), and (e).

6.3 Absent written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated HIGHLY CONFIDENTIAL – PATENT PROSECUTION by the Producing Party shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to (1) the field of the inventions of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office. To avoid any doubt, "prosecuting" as used in this paragraph does not include participating or assisting in challenging or defending any patents pertaining to the field of the invention of the patents-in-suit before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter partes* reexamination, *inter partes* review, postgrant review, or covered business method review), provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language. These prohibitions shall begin when access to items or information designated as HIGHLY CONFIDENTIAL – PATENT PROSECUTION is first received by the affected individual and shall end one year after the final resolution of this action, including all appeals.

**7. Experts And Consultants.**

7.1 If any party desires to disclose documents or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) to any expert or consultant

pursuant to ¶¶ 5 or 6 above, it must first provide notice of each such expert or consultant in writing (which can be by email or facsimile) to the outside counsel of record for the Producing Party. Such notice shall include the proposed expert or consultant's full name, affiliation, and professional address, an up-to-date curriculum vitae, a list of matters in which the expert or consultant has testified at a deposition, hearing, or trial within the last four years, and an executed copy of the Declaration and Confidentiality Undertaking attached hereto as Exhibit A.

7.2 The Producing Party shall have five (5) business days from receipt of such notice to object in writing to disclosure of such information to an expert or consultant so identified. Any party that fails to object in writing within five (5) business days of receiving such notice shall be deemed to have waived any objection.

7.3 The Parties shall attempt to resolve any objection informally. Within three (3) business days of receipt of an objection, the Parties shall meet and confer and attempt to resolve the objection. If the objection cannot be resolved, the party opposing disclosure of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) to the expert or consultant may raise the issue with the Court in accordance with the Court's procedures for resolution of discovery disputes. If the issue is raised with the Court, the party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection. Any party that fails to raise such an issue with the Court within ten (10) business days of notifying a party of an objection pursuant to this paragraph shall be deemed to have waived such objection.

**8. Designation of Deposition Transcripts.**

8.1 Portions of deposition transcripts containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL –

PATENT PROSECUTION information) may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice, within thirty (30) calendar days following receipt of the official transcript of the deposition, to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2 Prior to taking testimony that the Producing Party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION), the Producing Party shall have the right to exclude from portions of a deposition all persons other than those persons previously qualified to receive such information pursuant to this Protective Order. If the non-qualified persons fail to comply with such a request, the Producing Party may seek relief from the Court pursuant to the Court's procedures for resolution of discovery disputes and, pending resolution of that request, may instruct the witness to limit disclosure or not answer questions relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information).

**9. Limitations Of Protective Order.**

9.1 Documents or information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION may be disclosed in accordance with the written agreement of the Producing Party.

9.2 Any Receiving Party may move the Court (in accordance with the Court's procedures for resolution of discovery disputes) for an order that a person is to receive access to information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information). If the motion is granted, such person may have access after first signing the Declaration and Confidentiality Undertaking attached hereto as Exhibit A.

9.3 Documents or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) may be disclosed at deposition, at trial, or at any other Court hearing, to:

(a) any person who appears from the face of the document to have drafted, prepared, executed, had knowledge of the substance of, or received the document;

(b) any person, including a former employee, who is reasonably likely to have had prior lawful access to the document or the information contained therein; or

(c) a currently employed officer, employee, or expert of the Producing Party.

9.4 This Protective Order shall not apply to information that is or was available to the public prior to disclosure in this action. The restrictions contained in this Protective Order shall not apply to information that is, was, or becomes available to the public, other than by an act or omission of the Receiving Party, or that is legitimately and independently acquired from a source not subject to this Protective Order. This includes information a party receives from a non-party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure.

9.5 This Protective Order shall not apply to and, thus, does not restrict any party's use or disclosure of its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information).

9.6 This Protective Order shall not apply to and does not restrict any person from reviewing or seeing any document authored, in whole or in part, by that person.

**10. Filing Designated Information with the Court.**

Any document or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), if filed with the Court, shall be filed under seal pursuant to the Court's procedures for filing materials under seal, and shall be made available only to the Court and to persons qualified, under the terms of this Protective Order, to have access to such designated material.

**11. Exhibits.**

Any party may mark any document or information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) as an exhibit to a deposition, hearing, or other proceeding, provided the witness at such proceeding is qualified, under the terms of this Protective Order, to have access to such designated material.

**12. Challenge to Confidentiality.**

12.1 This Protective Order shall not preclude any party from seeking and obtaining additional protection with respect to confidentiality or modifying this Protective Order in any respect.

12.2 No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

12.3 In any challenge to the confidentiality designation of any documents or information, the burden of proof shall lie on the Producing Party to establish that such designation is appropriate.

12.4 If a party seeks removal of or change to a confidentiality designation, the following procedure shall be utilized:

(a) The party seeking removal of or change to a confidentiality designation shall give counsel of record for the Producing Party written notice specifying the designated information as to which such removal or change is sought and the reasons for the request;

(b) Within five (5) business days after receipt of the notification, the Parties shall meet and confer to attempt to resolve the request; and

(c) If, after conferring, the Parties cannot reach agreement concerning the request, within three (3) business days after the meet and confer, the party seeking removal of or change to the confidentiality designation may challenge the designation in accordance with the Court's procedures for resolution of discovery disputes.

**13. Inadvertent Failure to Designate and Disclosure.**

13.1 The inadvertent or unintentional failure to designate documents or information as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION shall not be deemed a waiver of a claim of

confidentiality. A Producing Party that inadvertently fails to designate documents or information as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION at the time of production may thereafter so designate by serving notice thereof in writing, accompanied by substitute copies of each item appropriately designated. Upon receipt of such notice and properly marked documents or information, the Receiving Party shall treat such documents or information consistent with the redesignation. All copies of the documents or information lacking designation shall be promptly destroyed or returned to the Producing Party, and any memoranda or work product derived therefrom shall thereafter be treated as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information). No party shall be held in breach of this Protective Order if, prior to notification of such later designation, such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) had been disclosed or used in a manner inconsistent with such later designation.

13.2 Should documents or information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such documents or information and to bind such unauthorized person to the terms of this Protective Order; (b) within three (3) business days of the discovery of such disclosure, inform such unauthorized person of all provisions of this Protective Order and request such unauthorized person to sign the Declaration and Confidentiality

Undertaking in the form attached hereto as Exhibit A; and (c) within five (5) business days of the discovery of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure, including the identity of such unauthorized person and the documents or information disclosed. The Receiving Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed. Each party shall cooperate in good faith in that effort.

**14. Inadvertent Production or Disclosure of Privileged Materials.**

14.1 Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, within a reasonably prompt period of time after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing. Within ten (10) business days of receiving such a request, the Receiving Party shall (a) destroy or return to the Producing Party all copies of such documents and things identified by the Producing Party, and (b) delete any electronic records thereof.

14.2 If the Receiving Party wishes to contest the privilege claim, the Receiving Party shall notify the Producing Party in writing when the document or thing is destroyed or returned to the Producing Party. The Receiving Party may retain only one (1) copy of the document or thing at issue only for the purposes of filing a motion to contest the privilege claim. The copy retained by the Receiving Party must be sequestered and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

14.3 Within five (5) business days after receiving a notice pursuant to ¶ 14.2, the Producing Party shall provide to the Receiving Party a description of the basis for the claim of privilege or immunity.

14.4 Within five (5) business days after receiving a description pursuant to ¶ 14.3, the Receiving Party may seek relief from the Court in accordance with the Court's procedures for resolution of discovery disputes. If resolution is not sought from the Court within such five (5) business day period, the one (1) copy, if any, retained by the Receiving Party as set forth in ¶ 14.2 shall be immediately destroyed or returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge, the one (1) copy, if any, retained by the Receiving Party as set forth in ¶ 14.2 shall be immediately destroyed or returned to the Producing Party.

14.5 With respect to documents and information subsequently generated by a Receiving Party that contain information derived from such inadvertently produced documents and things, if the Receiving Party does not dispute the privilege claim, or if the Court rejects any challenge, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privileged or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

14.6 The facts or circumstances of the inadvertent production shall in no way be relied on as a ground to support any argument that the information is no longer subject to any applicable privilege or immunity. For purposes of this paragraph, it shall be irrelevant which party initially discovers the inadvertent or mistaken production.

**15. Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant

and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's documents or information designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION pursuant to this Protective Order shall promptly notify that party of the motion so that the notified party may have an opportunity to appear and be heard on whether such information should be disclosed.

**16. Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and non-party for the production of information to the discovering party, are applicable to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) provided by a non-party. Information provided by a non-party in connection with this Action and designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION pursuant to the terms of this Protective Order shall be protected by the remedies and relief available under this Protective Order.

**17. Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever documents or information designated CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION are to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Protective Order to receive the documents or information so designated. Further, nothing in this Protective Order shall preclude any party from moving the Court to seal the courtroom, exhibits, or the transcript in order to preserve the confidential nature of any documents or information so designated.

**18. Final Termination of this Litigation.**

Within ninety (90) calendar days following final termination of this litigation, including all appeals therefrom, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party shall assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGH CONFIDENTIAL – PATENT PROSECUTION, including all copies, extracts, and summaries thereof, to the party from whom the designated material was obtained, except that a party is not obligated to return or destroy CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) that may be contained on electronic backup tapes or other archival media, which should be treated in accordance with standard retention policies, *i.e.*, which are not retained indefinitely without being overwritten. Notwithstanding the foregoing or a successful challenge under ¶ 12, and subject to a continuing obligation to protect all such material pursuant to this Protective Order, outside counsel may retain any archive copies of any filings, court papers, correspondence (including e-mails), deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such

Document 51-1 Filed 05/08/23 Page 24 of 26 PageID #: 2252

materials contain or reference CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL – PATENT PROSECUTION information).

**19. Waiver or Termination of Protective Order.**

19.1 No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for the Producing Party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further order of this Court.

19.2 In the event any party ceases to be engaged in the conduct of this Action prior to the final termination of the Action, such party's access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of ¶ 18.

19.3 The provisions of this Protective Order shall remain in full force and effect as to any person or party who previously had access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information), except as may be specifically ordered by the Court or consented to by the Producing Party. For example, the termination of employment of any person with access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including HIGHLY CONFIDENTIAL – PATENT PROSECUTION information) shall not relieve such person from the obligation of maintaining the confidentiality of such information.

**20. Modification of Protective Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties subject to the approval of the Court. This Protective Order

Case 1:22-cv-00311-WCB Document 51-1 Filed 02/10/23 Page 25 of 25 PageID #: 2253

supersedes any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**21. Miscellaneous.**

21.1 The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

21.2 Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

*/s/ Ian R. Liston*
Ian R. Liston (#5507)
Jennifer A. Ward (#6476)
WILSON SONSINI GOODRICH & ROSATI, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
iliston@wsgr.com
jward@wsgr.com

*Counsel for Plaintiff*

*/s/ Jeremy A. Tigan*
Jeremy A. Tigan (#5239)
Lucinda C. Cucuzzella (#3491)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@morrisnichols.com
ccucuzzella@morrisnichols.com

*Counsel for Defendant*

**SO ORDERED** this 10th day of February, 2023.



WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IMPOSSIBLE FOODS INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 22-311 (WCB) |
| MOTIF FOODWORKS, INC., | ) | |
| Defendant. | ) | |

**DECLARATION AND CONFIDENTIALITY UNDERTAKING**

I certify that I have received and carefully read the Stipulated Protective Order ("Protective Order") in this Action and that I fully understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the jurisdiction of the United States District Court for the District of Delaware for any proceedings involving the enforcement of this Protective Order. I declare under penalty of perjury under the laws of the United States of America this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this ________________day of ________, ________.

______________________________________
Name

______________________________________
Signature

______________________________________
Present Employer or Other Business Affiliation

______________________________________
Business Address