**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IMPOSSIBLE FOODS INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MOTIF FOODWORKS, INC.,<br><br>*Defendant.* | C.A. No. 22-311 (WCB)<br><br>[redacted] |

**PLAINTIFF IMPOSSIBLE FOODS INC.'S RESPONSIVE LETTER BRIEF IN OPPOSITION TO LETTER SEEKING A PROTECTIVE ORDER AND AN ORDER COMPELLING PRODUCTION**

WILSON SONSINI GOODRICH & ROSATI, P.C.

Ian R. Liston (#5507)
Jennifer A. Ward (#6476)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
iliston@wsgr.com
jward@wsgr.com

*Counsel for Plaintiff Impossible Foods Inc.*

OF COUNSEL:

Wendy L. Devine
Susannah M. L. Gagnon
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Matthew R. Reed
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Lorelei P. Westin
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130
(858) 350-2300

Dated: May 18, 2023

Contrary to the exaggerated rhetoric in Motif's letter (D.I. 72), [redacted] into Motif's wrongdoing (*i.e.*, the infringement of Impossible Food's patented technology).

Impossible owns the technology underlying the premier meat alternative in the market and Motif has attempted to build its business on theft of that technology. It is common, and ethical, for patent owners to obtain and evaluate infringing products— such as Motif's—in the marketplace. Motif repeatedly advertised that its infringing products were available to "food service, distributors and retailers with private labels." Now Motif complains that [redacted]. The present dispute is nothing more than an attempt by Motif to distract from its blatant patent infringement.

[redacted] As one court explained, "RPC 4.2 cannot apply where lawyers and/or their investigators, seeking to learn about current corporate misconduct, act as members of the general public to engage in ordinary business transactions with low-level employees of a represented corporation." *Apple Corps Ltd. v. Int'l Collectors Soc'y*, 15 F. Supp. 2d 456, 474-75 (D.N.J. 1998). Similarly, and citing *Apple Corps*, the Southern District of New York found no ethical violation where investigators posed as interior designers—the defendant's typical customers—to access a showroom open only to members of the trade and spoke with defendant's employees to investigate potential trademark infringement. *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 119, 123, 125-26 (S.D.N.Y. 1999).[1] The *Gidatex* Court explained: "The use of private investigators, posing as consumers and speaking to nominal parties who are not involved in any aspect of the litigation, does not constitute an end-run around the attorney/client privilege" (82 F. Supp. 2d at 126), where investigators did not induce a party to make statements it would not otherwise have made in the ordinary course of business. Such is the case here. [redacted].[2]

## I. [redacted] Was Appropriate Under Rule 4.2

[redacted]

---

[1] Motif has been aware of *Gidatex* since at least April 25, 2023 (when Motif's counsel cited it) and of *Apple Corps* since at least May 9, 2023 (when WSGR cited it in a letter to Motif's counsel), but Motif did not address either case in its opening brief. Motif should not be permitted to do so in reply. L.R. 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief").

[2] Unless otherwise cited, the facts herein are from the declaration of Lorelei P. Westin.

[3] [redacted] Ex. 1 at 1.

[4] [redacted] Ex. 2 at 1. [redacted]

[redacted]. Motif's sales are conducted business-to-business (with the exception of one direct-to-consumer, limited offering in April 2023), thus its products are not generally available in traditional retail establishments. [redacted]. Ex 1 at 3; Ex. 2 at 1.

[redacted] attended the Future Food-Tech San Francisco event on March 25, 2022 and obtained samples of Motif's plant-based food product. Those same samples were available to all attendees of the Expo. [redacted]

[redacted] Because Motif was marketing itself solely to businesses (not direct to consumers), [redacted] created a limited liability company called Food4Thought, LLC to permit [redacted] to interact with Motif as a potential customer, including at industry trade shows. [redacted] attended two trade shows (NOSH Live held June 13-14, 2022, and Plant Based World Expo ("PBW") held September 8-9, 2022, both in New York City) as representatives of Food4Thought. At NOSH Live, [redacted] had a short conversation with a Motif representative about Motif's product. At PBW, [redacted] spoke with Motif representatives at their booth and sampled Motif's cooked food product (which was available to all attendees) and received a small cup of raw sample of Motif's food product upon request. Aside from those two trade shows, contact between [redacted] and Motif consisted only of a handful of emails and related calls. During a December 2022 call [redacted] and a Motif representative discussed Motif's publicly-advertised sample program and the potential of obtaining samples for evaluation by Food4Thought. There were no further substantive phone discussions. [redacted] followed up with emails requesting more information about the publicly advertised Motif sampling program. [redacted] did not receive samples as a result of these contacts. [redacted]

## II. The four cases Motif Cites Do Note Demonstrate There was a Violation of RPC 4.2

***In re Complaint of PMD Enterprises Inc.***, 215 F. Supp. 2d 519 (D.N.J. 2002): Unlike WSGR's request that its investigators only attempt to obtain samples of Motif's products, the court in *PMD* found that the plaintiff's counsel expressly authorized *ex parte* contact with at least one member of the defendant's litigation control group—who was also a key fact witness—and offered compensation to that witness in violation of New Jersey law. *Id.* at 522-23, 527-29. Such facts are entirely absent here.

---

[redacted]

[5] Activities preceding March 14, 2022 (when Motif's counsel informed WSGR that Motif was represented, Ex. 3) are not subject to analysis under RPC 4.2 or otherwise the subject of relief this Court could grant. Thus, the discussion here is limited to post-March 14, 2022, conduct.

***Midwest Motor Sports v. Arctic Cat Sales, Inc.***, 347 F.3d 693 (8th Cir. 2003): A private investigator contacted the opposing represented party. Although the court found a violation of RPC 4.2, it explicitly only imposed sanctions—exclusion of evidence—because the investigators engaged in conduct such as secretly recording the party, including its *president*—a "'critical' non-party witness—in violation of Rule 8.4(c). *Id.* at 697-98, at 701. Those facts do not exist here.

***Meyer v. Kalanick,*** 212 F. Supp. 3d 437 (S.D.N.Y 2016): This case did not concern an allegation of unauthorized contact with a represented party. Instead it concerned misrepresentations made to more than two dozen of the plaintiff's acquaintances "to try to unearth derogatory personal information about [plaintiff] and his counsel that could then be used to try to intimidate them or to prejudice the Court against them." *Id.* at 443. Nothing like that happened here. By contrast *Gidatex,* decided by the same court, explained that "hiring investigators to pose as consumers is an accepted investigative technique, not a misrepresentation." 82 F. Supp. 2d at 122.

***Site 2020 Inc. v. Superior Traffic Servs***, No. 21-63-M-DLC-KLD (D.I. 172-1, Ex. 4): The court faced vastly different circumstances than those present here. In that case, the Magistrate Judge found that the plaintiff caused a third party that had an existing business relationship with the defendant to (1) tell the defendant that it had not contracted to be acquired by the plaintiff, and (2) offered to enter into a business relationship with the defendant. *Id.* at 4-6, 27-28. That false representation led the defendant to divulge extensive business information that the defendant "would not have divulged … had it not viewed [third party] as a trustworthy potential business partner." *Id.* at 11. The plaintiff's leadership then lied during deposition about the contacts the third party had with defendant. *Id.* at 30-32. Nothing even remotely similar has happened here.

## III. A Protective Order is Not Warranted and No Further Discovery is Justified

[redacted], there was no violation of RPC 5.3(c), 5.3(c)(1), or 8.4(a). Thus, there is no basis for a protective order and Motif's request for one is a waste of the court's time. In any event, Motif's request is moot as the [redacted] and prior to Motif's present request for relief, and will not resume.

Regarding Motif's request for discovery, such discovery is not relevant to any claim or defense at issue in this case and therefore should be denied. Moreover, [redacted] Motif does not argue otherwise and made no showing of any exception to that privilege. Motif's cursory reference to alleged "crime fraud" is insufficient because Motif identified no showing (because it cannot) that either a crime occurred or that [redacted]. *E.g, United States v. Doe,* 429 F.3d 450, 454 (3d Cir. 2005) (A prima facie showing for application of the crime-fraud exception "requires evidence which, if believed by the fact-finder, would be sufficient to support a finding that … the client was committing or intending to commit a fraud or crime" and that the consultation was "in furtherance of that alleged crime or fraud.") (citation omitted). Further, because there was no violation of the RPC, there is also no basis for Motif to conduct further discovery.

Motif identified no facts supporting its offensive insinuation that [redacted]. Obtaining samples that Motif made available to the public is not "[redacted]," and self-serving suspicions alone do not merit the Court's attention, let alone rise to the level of justifying issuance of a protective order or discovery unrelated to any claim or defense. Motif's motion is a distraction from the actual issues in this case—Motif's theft of Impossible's patented technology.

Respectfully,

*/s/ Ian R. Liston*

Ian R. Liston (#5507)

cc: Clerk of Court (via Hand Delivery)

All Counsel of Record (via CM/ECF)

# EXHIBIT 1

# REDACTED IN ITS ENTIRETY

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# EXHIBIT 2

# REDACTED IN ITS ENTIRETY

[redacted]

[redacted]

[redacted]

# EXHIBIT 3

**From:** Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Sent:** Monday, March 14, 2022 9:41 AM
**To:** Liston, Ian
**Cc:** Ward, Jennifer
**Subject:** Impossible/Motif (No. 22-311)

**[External]**

Hi Ian,

We'll be representing Motif. Can we get a 30-day extension to respond to the complaint (to 4/29)? If so, I'll send you a stipulation.

Thanks,

Jeremy

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.