**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IMPOSSIBLE FOODS INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 22-311 (WCB) |
| MOTIF FOODWORKS, INC., Defendant. | ) | [redacted] |
| | ) | **REDACTED - PUBLIC VERSION** **Original Filing Date: May 16, 2023** **Redacted Filing Date: May 23, 2023** |

**DECLARATION OF JULIA DACRI**

I, Julia Dacri, hereby declare:

1. I am the Communications Manager at Motif Foodworks, Inc. I have been in this role since August 2022. My job responsibilities include managing all of Motif's internal and external communications, email marketing, investor relations, event management, Motif trade show presentations, media relations, social media, and thought leadership with Motif's C-suite. As a communications manager, I typically obtain leads, from trade shows and otherwise, and then pass the leads on to Motif's sales representatives.

2. I report to the Motif's Director of Marketing Communications, Brennan Burks, who reports to the Vice President of Insights and Marketing, Nilofer Ahmed, who reports to Motif's Chief Executive Officer, Dr. Michael Leonard. Prior to the hiring of Motif's Director of Marketing Communications, I reported directly to Ms. Ahmed and Motif's former Chief Financial Officer, Saloni Varma.

3. Prior to being promoted to Communications Manager, I was Motif's Communications Coordinator where I was in charge of Motif's media relations and internal and external communications including Motif's traditional and social media. In my previous role, I

reported to Matt Roszell, former Vice President of Marketing and Communications, who reported directly to Motif's former Chief Executive Officer, Jonathan McIntyre.

4. In connection with Motif's recent discovery that private investigators have been approaching the company with false names and/or company backgrounds, I was asked to identify any prior sales and marketing related circumstances that may have involved private investigators.

2022 Future Food-Tech Summit

5. On March 24, 2022, I attended the Future Food-Tech Summit at the San Francisco Marriott Marquis in San Francisco, California, where I operated Motif's booth. There, we met with potential distribution partners, investors, and customers. As part of Motif's presence at the Summit, Motif had a third-party catering service serve cooked samples of Motif's meat-alternative sausage links.

6. While at the Summit, I was approached an estimated six times by a person going by the name of Lindon Lilly and claiming to be a sales manager for a company that he could not disclose. The name of the company Mr. Lilly was affiliated with was obscured on the Summit-issued badge. An excerpt of the delegate's list that documented Mr. Lilly's Summit attendance is attached as Exhibit A. Each time I spoke to Mr. Lilly, he pulled me to the side, away from the Motif booth. I am not sure if he recorded our conversations.

7. Mr. Lilly told me that he worked for a "plant-based" company and sourced products for one of the largest fast food chains on the West Coast. Mr. Lilly claimed that this fast food chain keeps the identity of its distributors a secret. In my experience, this was not typical for someone who represented a fast food chain.

8. In our conversation, Mr. Lilly told me that he came to the conference just to meet Motif. He said that he wanted to obtain samples of Motif's products on an expedited basis for a

potential business relationship with the fast food chain. Mr. Lilly asked if he could meet with the Summit's third-party caterer so that he could obtain access to their kitchen in order to inspect Motif's products and their preparation. I thought this request was peculiar. Regardless, Mr. Lilly was not allowed into the Summit's kitchen.

9. Mr. Lilly also asked that Motif send samples of its burger food products directly to his colleague's house. In my experience, this is not typical behavior for someone representing a fast food chain.

10. I passed Mr. Lilly's contact information onto a Motif sales person, Joe Brozek, Motif's Senior Manager, and informed him of my interactions with Mr. Lilly. I also looked up Mr. Lilly and found his LinkedIn page. Mr. Lilly's LinkedIn page listed his employment as "President at California Active Shooter Academy LLC." I found it odd that Mr. Lilly's LinkedIn page appeared to be focused on the firearms space and contained no reference to the food space. A copy of Mr. Lilly's LinkedIn profile is attached as Exhibit. B.

11. After reviewing this information, I did not follow-up with Mr. Lilly.

12. If I had known that Mr. Lilly was being dishonest about his job and the reasons he was contacting Motif, I would not have put him in touch with Joe Brozek.

Plant Based World Conference & Expo 2022

13. On September 8 and 9, 2022, I attended the Plant Based World Conference & Expo at the Javits Center in New York, New York.

14. At the Expo, I operated Motif's booth where we met with potential distribution partners, investors, and customers. Motif served cooked samples of its burgers, chicken cutlets, cheese, and burger grounds.

15. At the Expo, I was approached by persons going by the names Sarah Jamil and Ed Barry and claiming they were affiliated with a meal kit service called "Food4Thought." We scanned Ms. Jamil and Mr. Barry's badges at the Expo, which provided the information shown in Exhibit C.

16. Ms. Jamil and Mr. Barry asked me if they could obtain a raw sample of Motif's food products. They said that they wanted to touch and feel the raw Motif food products because they were considering a collaboration with Motif for their meal kit service. In my experience, I have never had someone ask to touch and feel Motif's raw product. I considered this request to be highly unusual.

17. Because I had not received this request before, I told the cooking team to use their best judgment when deciding whether to provide Ms. Jamil and Mr. Barry with a raw sample of Motif's product. My understanding is that the cooking team decided only to provide cooked samples of Motif food products to Ms. Jamil and Mr. Barry.

18. Ms. Jamil and Mr. Barry asked me more than once how Motif's food products were made and the ingredients they contain. In response, I told them that the food products contain Motif's proprietary products. I do not know if Ms. Jamil and Mr. Barry recorded our conversations.

<u>Ms. Nasir's Inquiry Through Motif's Website</u>

19. On April 14, 2023, I received an inquiry from Ms. Jamil through Motif's website seeking a package of Motif's raw burger patties. That inquiry is attached as Exhibit D. I did not respond to Ms. Jamil's request because I had begun to suspect that Ms. Jamil was not in fact who she purported to be based on (1) the seemingly fictitious nature of the "Food4Thought" website, and (2) suspicious interactions she'd had with other Motif employees, including joining a Zoom

meeting under the name "Sarah Nasir," who was believed (and subsequently confirmed) to be a private investigator.

20. Had I known Ms. Jamil/Nasir was a private investigator, I would not have even responded to her or Mr. Barry's requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of May, 2023.

Julia Dacri
Motif FoodWorks Inc.
Communications Manager

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 16, 2023, upon the following in the manner indicated:

Ian R. Liston, Esquire *VIA ELECTRONIC MAIL*
Jennifer A. Ward, Esquire
WILSON SONSINI GOODRICH & ROSATI, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
*Attorneys for Plaintiff Impossible Foods Inc.*

Matthew R. Reed, Esquire *VIA ELECTRONIC MAIL*
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Plaintiff Impossible Foods Inc.*

Wendy L. Devine, Esquire *VIA ELECTRONIC MAIL*
Susannah M. L. Gagnon, Esquire
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
*Attorneys for Plaintiff Impossible Foods Inc.*

Lorelei P. Westin, Esquire *VIA ELECTRONIC MAIL*
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130
*Attorneys for Plaintiff Impossible Foods Inc.*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)