IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMPOSSIBLE FOODS INC., | ) | |
| | ) | **REDACTED - PUBLIC VERSION** |
| Plaintiff, | ) | **Original Filing Date: May 19, 2023** |
| | ) | **Redacted Filing Date: May 23, 2023** |
| v. | ) | C.A. No. 22-311 (WCB) |
| | ) | |
| MOTIF FOODWORKS, INC., | ) | [redacted] |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE WILLIAM C. BRYSON FROM JEREMY A. TIGAN SEEKING A PROTECTIVE ORDER AND AN ORDER COMPELLING PRODUCTION**

OF COUNSEL:

Joseph M. Paunovich
Sandra L. Haberny
Ryan Landes
Sarah Cork
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 443-3000

Stephen Q. Wood
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2755 E. Cottonwood Parkway
Suite 430
Salt Lake City, UT 84121
(801) 515-7300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Lucinda C. Cucuzzella (#3591)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jtigan@morrisnichols.com
ccucuzella@morrisnichols.com

*Attorneys for Defendant Motif FoodWorks, Inc.*

May 19, 2023

[redacted] Impossible is wrong that "[redacted]" in light of *Gidatex* and *Apple*. Ltr. at 1. ***First***, "[t]he instant case . . . is sharply distinguishable" because Impossible "has not claimed that it was seeking to investigate misconduct that [the other party] had perpetrated . . . (as was the situation in Gidatex), let alone discover whether [the other party] and his counsel were disobeying an existing court order (as was the situation in Apple)." *Meyer*, 212 F. Supp. at 446. Thus, as the *Meyer* Court held, neither *Gidatex* nor *Apple* "support the proposition that investigators working on behalf of a party to litigation may properly make misrepresentations in order to advance their own interests vis-a-vis their legal adversaries." *Id.* ***Second***, in *Gidatex* and *Apple*, "[t]he investigator did not make any misrepresentation." *Apple*, 15 F. Supp. 2d at 474; *see also Gidatex*, 82 F. Supp. 2d at 122. [redacted] Motif Ltr. at SOF. ***Third***, Motif's employees are neither "low-level" nor "nominal." Kennedy Decl. ¶ 1; Dacri Decl. ¶ 1; Brozek Decl. ¶ 1.

A protective order and discovery are warranted. ***First***, [redacted] ***Second***, Impossible admits that it can only represent certain actions did not take place to the best of [redacted] Westin Decl. ¶¶ 8-9. [redacted]. Even if it had, there should be no issue with providing discovery (at a minimum, *in camera*) so that Motif and the Court can evaluate the evidence and reach their own determination.[1] ***Third***, [redacted] is not sufficient because neither Motif nor the Court know what the [redacted] to enforce the offer or understand whether that is even feasible (*e.g.*, Impossible almost certainly will be influenced by work and analysis already conducted).

Impossible mischaracterizes Motif's reliance on *Meyer* and *Site 2020*. Ltr. at 3. *Site 2020* shows that additional discovery is necessary to determine "whether [redacted] acted in bad faith," and *Meyer* shows that a protective order is warranted and the crime-fraud exception precludes [redacted]. Motif Ltr. at 2-3. [redacted] (Ltr. at 3) misses the mark where, as here, [redacted] (which Impossible does not and cannot dispute). *Meyer*, 212 F. Supp. 3d at 440, 444. Additionally, Impossible's reliance on [redacted] engagement letters to argue that they "[redacted]" (Ltr. at 2) waived any privilege over communications with them. *See Princeton Digital Image Corp. v. Office Depot Inc.*, 2017 WL 3264068 at *2 (D. Del. Aug. 1, 2017). [redacted] *See* Ltr. Ex. 2 [redacted]

---

[1] Impossible is also wrong that "the discussion here is limited to post-March 14, 2022 conduct" because that is allegedly the date "Motif's counsel informed WSGR that Motif was represented." Ltr. at 2 n. 5. RPC 4.1's prohibition on knowingly making false statements to a third person is agnostic of whether said person was represented by counsel. Also, Motif's counsel had been communicating with Impossible's counsel long before March 14, 2022.

Respectfully,

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

JAT:lo
cc: All Counsel of Record (via email)