# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

222 Delaware Ave
Suite 800
Wilmington, Delaware 19801

O: 302-304-7600
F: 866.974.7329

IAN R. LISTON
Internet: ILISTON@wsgr.com
Direct dial:  (302) 304-7606

May 31, 2023

*VIA ELECTRONIC FILING*

The Honorable William C. Bryson
U.S. Court of Appeals, Fed. Cir.
717 Madison Place, NW
Washington, D.C.  220439

Re:  *Impossible Foods Inc. v. Motif FoodWorks, Inc.*,
C.A. No. 22-311 (WCB)

Dear Judge Bryson:

Pursuant to Paragraph 13 of the Scheduling Order (D.I. 37), the parties jointly write regarding claim construction issues and submit the parties' Joint Claim Construction Chart (attached hereto as Exhibit A).  The parties dispute (1) the number of claim terms for construction and (2) the timeline for addressing indefiniteness.  The parties' respective positions are briefly presented below.

**Plaintiff's Statement**

As explained below, Plaintiff Impossible Foods Inc.'s ("Impossible" or "Plaintiff") opening brief is due on June 14, 2023.  To facilitate meaningful claim construction briefing, Plaintiff respectfully asks that the Court limit the number of claim terms to be construed at the Markman or provide alternative guidance.

Presently, there are 50 asserted claims at issue in this litigation.  The parties have agreed on construction for 1 term.  Plaintiff proposes 5 terms for construction.  Defendant Motif FoodWorks, Inc. ("Motif" or "Defendant") proposes 26[1] terms—20 terms for construction and 6

---

[1]  This morning, Defendant deferred 17 terms of its 44 terms to dispositive motion briefing.

WILSON SONSINI

Judge Bryson
May 31, 2023
Page 2

terms that Defendant contends are indefinite. Impossible proposed to limit the terms for construction to 10. Motif rejected this proposal. Impossible proposed to address indefiniteness issues in dispositive motions following expert discovery. Motif agreed to this proposal in part as outlined in the parties' Joint Claim Construction Statement filed concurrently herewith.

Impossible objects to Motif's proposal of 27 claim terms as impracticable given claim construction briefing limits set out in the Scheduling Order (D.I. 37) and inconsistent with the Court's typical practice of "only constru[ing] ten (10) terms/term sets" at the Markman hearing. *E.g.*, *HID Global Corp. v. Vector Flow, Inc.*, C.A. No. 21-1769-GBW, D.I. 138 (D. Del.) Jan. 3, 2023); *Sight Scis., Inc. v. Ivantis, Inc.*, C.A. No. 21-1317-GBW-SRF, D.I. 103 (D. Del. Dec. 8, 2022) (ordering parties to resubmit joint claim construction brief "identifying no more than a total of ten (10) terms to be argued . . . [t]he parties shall request leave of Court if they wish to pursue any terms identified in the Joint Claim Construction Chart (D.I. 90) at the dispositive motion stage[.]"); *Commvault Systems, Inc. v. Rubrik, Inc.*, C.A. No. 20-524-MN-CJB, D.I. 86 (D. Del. June 29, 2021) ("The parties' joint claim construction brief should only address those ten terms/term sets."); *CoolTVNetwork.com, Inc. v. Blackboard, Inc.*, C.A. No. 19-291-LPS-JLH, D.I. 55 (D. Del. Oct. 2, 2020) ("The claim chart shall also identify no more than ten terms to be argued at the Markman hearing."); *Evertz Microsystems Ltd. v. Lawo Inc.*, C.A. No. 19-302-MN-JLH, D.I. 122 (D. Del. July 10, 2020) ("It is further ordered that the Markman proceedings will be narrowed. By no later than July 29, 2020, the parties shall submit a joint letter identifying no more than ten terms to be argued at the Markman hearing."). Indeed, Motif's counsel recently acknowledged this local practice and the impracticality of addressing dozens of claim terms and indefiniteness issues in claim construction. *Allergan Inc. et al. v. Revance Therapeutics, et al.*, C.A. No. 21-1411-RGA-JLH, D.I. 110 at 3, n. 3 (D. Del. Mar. 30, 2023); *id.*, D.I. 130 (D. Del. May 18, 2023).

Plaintiff proposes 5 terms in the attached Joint Claim Construction Chart. Ex. A, nos. 1-4 and 23. Defendant also proposed those same 5 terms. Plaintiff proposes that (1) Defendant choose 5 additional terms for claim construction briefing, and (2) Defendant's indefiniteness arguments be addressed in dispositive motions rather than in claim construction.[2]

---

[2] At least one court in this District routinely defers indefiniteness to a later stage of a case. *E.g.*, *Bial-Portela & CA S.A. v. Torrent Pharm. Ltd.*, C.A. No. 18-279-CFC, D.I. 63 at 21-23 (D. Del. Oct. 17, 2019). Moreover, district courts have consistently rejected the idea that indefiniteness can only be raised during claim construction. *E.g.*, *Versata Software, Inc. v. Zoho Corp.*, 213 F. Supp. 3d 829, 834 (W.D. Tex. 2016) (finding "[n]othing in the law confines a party's indefiniteness argument to the claim construction stage of the litigation.") (citing cases); *Industrial Tech. Research Inst. v. LG Elecs. Inc., 2014 WL 6907449, at *2* (S.D. Cal. Dec. 8, 2014) ("[T]he Federal Circuit's statements that indefiniteness is intertwined with claim construction mean only that the Court must attempt to determine what a claim means before it

WILSON
SONSINI

Judge Bryson
May 31, 2023
Page 3

      Defendant's proposed grouping of terms does not render their request that 27 terms be addressed in claim construction reasonable.  As Defendant acknowledges, there are 4 patent families at issue for which the intrinsic records are not identical.  Moreover, perhaps the most obvious reason that Defendant's grouping does not narrow the issues is that Defendants combine requests for construction and indefiniteness allegations in the same "group."  *E.g.*, Defendant Term Group 1 (including 4 terms for construction and 2 terms for which Defendant alleges indefiniteness).

      Regarding Defendant's argument that addressing 27 claim terms during claim construction is necessary to narrow the issues, Plaintiff disagrees.  Indeed, it appears that Defendant has not engaged in the identification of claim construction issues in good faith—having identified nearly as many claim terms as there are asserted claims, only reducing that by less than half after Plaintiff made clear that it would seek the Court's guidance rather than attempt to brief that unreasonable scope.

      Regarding Defendant's allegations that Plaintiff did not discuss these issues in good faith with Defendant, Plaintiff disagrees.  The parties met and conferred, during which Plaintiff explained its intention to request that the Court limit claim construction to a reasonable number of terms and defer indefiniteness to dispositive motions.  Defendant stated that it would not agree.  Defendant did not offer to reduce the number of terms or group the terms.  Today, Defendant deferred 17 terms, agreed to one construction proposed by Plaintiff, and constructed a grouping of terms that does not account for the differences in claim terms, constructions/indefiniteness arguments, or intrinsic record, and to which Plaintiff does not agree.  Given that Plaintiff's Opening Brief is due in 2 weeks, this matter requires the Court's immediate attention.

      **Defendant's Statement**[3]

      As Motif anticipated and explained in the December 1, 2022 Court hearing, Impossible has maintained seven asserted patents and 50 asserted claims, thus raising a multitude of

---

can determine whether the claim is invalid for indefiniteness, and not that the Court must determine indefiniteness during the claim construction proceedings.").

  [3] Impossible sent Motif a draft letter with the authority contained herein for the first time this morning at 9:00am ET.  Motif requested 24 hours to consider Impossible's letter and authority, but Impossible refused and indicated that it would file this letter with or without Motif's contribution no later than today at 5pm ET.  Motif objected.  However, in an effort to present the Court with both parties' positions at the same time, Motif has endeavored to review Impossible's authorities and identify its own authorities in the brief time available before Impossible indicated it would file this letter without Motif's contribution.

WILSON SONSINI

Judge Bryson
May 31, 2023
Page 4

potential terms that require construction. Each of the terms proposed for construction has the potential to significantly streamline the case by resolving uncertain claim scope and/or ruling invalid as indefinite one or more claims. Impossible chose to file this case asserting 7 patents and dozens of claims; it should not be permitted to defer construction of important case terms and further waste Judicial and Party resources.

     Regardless, Motif is not proposing 44 unique terms for construction. Motif is proposing 8 unique claim term groupings for construction. Within these term groupings, there are minor variations from claim to claim, but the grouped terms can be addressed together and the Parties can easily do so within the existing word limits set by the Court.[4] The "[muscle]/[fat tissue] replica" terms are a prime example. Motif seeks to construe the foregoing as "a composition, separate from other replicas, that mimics key features of [muscle] / [fat tissue] before or after cooking; the composition may be partially derived from animal sources." Though Impossible counts these as two unique terms in order to make Motif appear to be unreasonable, the attempt is misleading. Considering that the construction of each variant is verbatim identical except for the bracketed language, these are fairly counted as a single term for construction. Moreover, although some District of Delaware judges have issued orders limiting parties to 10 terms in certain circumstances, it is by no means a universal approach in every case, and appropriately grouping terms has always been permitted, particularly in cases like this one where a patentee asserts multiple patents and dozens of claims that have overlap. *See, e.g.*, *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-622-LPS, D.I. 51 (D. Del. Nov. 8, 2019) (denying plaintiff's motion to limit number of disputed claim terms to be considered in the claim construction process and noting that "[w]hile 25 terms are identified as disputed in the Joint Claim Construction Chart, it appears that the Court is actually being asked to make approximately 16 constructions, a not unreasonable number given that six patents are being asserted"); *see also Intellectual Ventures I LLC v. AT & T Mobility LLC*, No. 13-1668, Oral Order (D. Del. Dec. 11, 2015) (noting that the Court agreed to construe 24 claim terms); *Masimo Corp. v. Philips Electronics North America Corp.*, No. 09-80-LPS-MPT (D. Del. Jan. 23, 2013) (ordering the parties to submit 20 claim terms for construction); *Impulse Technology, Inc. v. Microsoft Corp.*, No. 11-586-RGA-CJB, Tr. at 38:18-23 (D. Del. Aug. 2, 2012) (same); *Confluent Surgical, Inc. v. HyperBranch Med. Tech., Inc.*, No. 17-688-LPS-CJB, 2019 WL 2897701, at *2 (D. Del. July 5, 2019) (noting that the Court will address the parties' 15 disputed terms, or sets of terms, throughout several claim construction opinions). Accordingly, Motif submits that briefing 8 claim term groupings is reasonable in this case given Impossible's broad allegations of infringement across presently 50 asserted claims spanning 7 patents and 4 patent families.

---

[4] Specifically, Motif plans to group terms relating to the following categories, which each have essentially the same scope: (1) "animal" or "non-animal" proteins or products, (2) specific compounds, (3) muscle and fat tissue replicas (and organization thereof), (4) Mxr1, (5) 1.5 mM, (6) food flavor additive composition, (7) aromas, and (8) promoter element.

WILSON SONSINI

Judge Bryson
May 31, 2023
Page 5

  Impossible's cited cases are inapposite. In *HID Global Corp. v. Vector Flow, Inc.*, plaintiffs "sought to narrow the parties' disputes by reducing the disputed terms and offering to compromise on at least eight terms," but "Defendants did not make a counter-proposal, and refused to withdraw any terms." C.A. No. 21-1769-GBW, D.I. 130 at 11 n. 1 (D. Del. Dec. 22, 2022). Here, Motif has proposed (1) grouping terms with essentially the same scope in order to achieve more manageable briefing, and (2) deferring ***eighteen*** terms until dispositive motions. *See* Joint Claim Construction Statement at Sections I n. 1, III. Motif's proposed compromise is also in line with *Sight Scis., Inc. v. Ivantis, Inc.*, wherein Judge Fallon ordered the terms be reduced to ten from only thirteen and allowed the parties to "request leave of Court if they wish to pursue any terms identified in the Joint Claim Construction Chart . . at the dispositive motion stage." C.A. No. 21-1317-GBW-SRF, D.I. 103 (D. Del. Dec. 8, 2022); *see also CoolTVNetwork.com, Inc. v. Blackboard, Inc.*, C.A. No. 19-291-LPS-JLH, D.I. 52, 55 (D. Del. Oct. 2, 2020) (reducing number of claim terms from 16 to 10 and allowing for additional briefing during dispositive motions); *Evertz Microsystems Ltd. v. Lawo Inc.*, C.A. No. 19-302-MN-JLH, D.I. 119, 120, 122 (D. Del. July 10, 2020) (reducing terms from 15 to 10 and allowing for additional briefing during dispositive motions). In *Commvault Systems, Inc. v. Rubrik, Inc.*, the parties made no effort to group terms with overlapping scope, resulting in a Joint Claim Construction Chart containing 49 distinct terms. C.A. No. 20-524-MN-CJB, D.I. 85 (D. Del. June 25, 2021). And in *Allergan Inc. et al. v. Revance Therapeutics, et al.*, plaintiffs expressed concern "regarding Defendants' identification of 22 terms, including 17 for alleged indefiniteness." C.A. No. 21-1411-RGA-JLH, D.I. 130 (D. Del. May 18, 2023). As previously noted, Motif has proposed deferring the majority of its indefiniteness arguments to later dispositive motions in an effort to streamline the claim construction process, particularly in light of the Court's Order requiring further case narrowing in the ensuing months.

  With respect to indefiniteness, Motif submits that the Court should address the select indefiniteness terms Motif has chosen not to defer during claim construction, which is consistent with its past practice and the practice of all of the District of Delaware judges save one.[5] *See, e.g.*, *KOM Software Inc. v. NetApp, Inc.*, No. 18-160-WCB, at 10-11, 16-35 (D. Del. May 18, 2023) (addressing indefiniteness at the *Markman* stage), *F45 Training Pty Ltd. V. Body Fit Training USA Inc.*, No. 20-1194-WCB, at 12-15 (D. Del. Feb. 22, 2022) (same); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, at 10-21 (D. Del. June 25, 2021) (same); *Takadu Ltd. V. Innovyze LLC*, No. 21-291-RGA, 2023 WL 2563157, at *7-11 (D. Del. Mar. 17, 2023) (same); *Exeltis USA, Inc. v. Lupin Ltd.*, No. 22-434-RGA, 2023 WL 2306736, at *5-6 (D. Del. Mar. 1, 2023) (same); *Newron Pharms. S.p.A. v. Aurobindo Pharma Ltd.*, No. 21-843-

---

[5]  Impossible states that "[a]t least one court in this District routinely defers indefiniteness to a later stage of a case," suggesting that there are others. As far as counsel for Motif is aware, however, the only judge in this District that routinely defers indefiniteness determinations is Chief Judge Connolly. All of the other judges in this District routinely consider indefiniteness challenges during claim construction.

WILSON SONSINI

Judge Bryson
May 31, 2023
Page 6

GBW, 2023 WL 2954461, at *2-8 (D. Del. Apr. 14, 2023) (same); *Tracktime, LLC v. Amazon.com, Inc.*, No. 18-1518-MN, 2021 WL 2823163, at *4-7 (D. Del. July 7, 2021) (same); *Vaxcel Int'l Co. v. Heathco LLC*, No. 20-224-LPS, 2021 WL 7209508, at *3-11 (D. Del. Nov. 22, 2021), reconsideration denied, 2022 WL 611067 (D. Del. Feb. 3, 2022) (same). Impossible has failed to articulate a compelling reason as to why the Court should deviate from the routine practice of considering indefiniteness during claim construction. Motif does not dispute that such challenges may also be brought at the summary judgment stage, but that is not reason to defer all indefiniteness questions, particularly when Motif has proposed deferring the majority of its indefiniteness arguments and the resolution of these issues has the potential to significantly narrow the case.

Should Your Honor have any questions regarding the foregoing, counsel are available at the Court's convenience.

Respectfully,
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Ian R. Liston*
Ian R. Liston (#5507)

cc:     All counsel of record (via CM-ECF)

*enclosure*