# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMPOSSIBLE FOODS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-311-WCB ) ) **JURY TRIAL DEMANDED** |
| MOTIF FOODWORKS, INC. and GINKGO BIOWORKS, INC., | ) ) ) |
| Defendants. | ) |

**IMPOSSIBLE FOODS INC.'S RESPONSE TO MOTIF FOODWORKS, INC.'S NOTICE OF FINAL WRITTEN DECISION IN *INTER PARTES* REVIEW OF ASSERTED PATENT U.S. 9,943,096**

Plaintiff Impossible Foods, Inc. ("Impossible") respectfully files this Response to Motif Foodworks, Inc.'s Notice of Final Written Decision In *Inter Partes* Review Of Asserted Patent U.S. 9,943,096 with respect to Impossible's pending Motion for Reargument and/or Reconsideration (D.I. 516) of its Motion for Leave To Amend Plaintiff Impossible Food Inc.'s Final Infringement Contentions related to U.S. Patent No. 9,943,096 ("'096 Patent") (D.I. 410).

Motif's assertion that the Patent Trial and Appeal Board's June 12, 2024 Final Written Decision ("Final Written Decision") regarding U.S. Patent No. 9,943,096 (the "'096 patent") moots Impossible's Motion for Reconsideration is incorrect and not supported by the facts or law. D.I. 541. For several reasons, Impossible's Motion for Reconsideration is not moot. For example, the Final Written Decision is subject to rehearing and/or appeal wherein it may be reversed or modified. As another example, as Impossible noted in its Motion for Reconsideration, the Court's Order contains unsupported factual findings that implicate expert testimony and may impact claim construction. D.I. 516 at 9-10. As discussed in the Motion, the Court's factual findings may implicate claim construction issues that are relevant to other patents in the family and which Motif may attempt to leverage in expert discovery and at trial. D.I. 506 at 4; *see* D.I. 516 7-8. These

issues are properly raised in the Motion for Reconsideration and are not mooted by the Final Written Decision.

Impossible respectfully requests that the Court decide Impossible's Motion for Reconsideration (D.I. 516).

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br>POTTER ANDERSON & CORROON LLP |
| Wendy L. Devine<br>Kristina M. Hanson<br>Shannon P. Gillespie McComb<br>Jessica Ramsey<br>Joyce K. Yao<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Tel: (415) 947-2000 | By: */s/ Bindu A. Palapura*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Andrew M. Moshos (#6685)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19801<br>    Tel:  (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    amoshos@potteranderson.com |
| Matthew R. Reed<br>Jeffrey Nall<br>Quincy Rush<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 493-9300 | *Attorneys for Plaintiff Impossible Foods Inc.* |
| Lori P. Westin<br>Natalie J. Morgan<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>12235 El Camino Real<br>San Diego, CA 92130<br>Tel: (858) 350-2300 |  |
| Michael T. Rosato<br>Sonja R. Gerrard<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104<br>Tel: (206) 883-2529 |  |

Matthew Macdonald
WILSON SONSINI GOODRICH &
ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
Tel: (323) 210-2953

Dated: June 12, 2024
 11561997 / 20200.00002